## MAHAN v. HOWELL

No. A–84.   Decided July 27, 1971*

See: 330 F. Supp. 1138.

MR. JUSTICE BLACK, Acting Circuit Justice.

These cases, presented to THE CHIEF JUSTICE and assigned to me for action in his absence, challenge the judgment of a federal three-judge court holding unconstitutional in part an Act of the General Assembly of the State of Virginia providing for reapportionment of its State Senate and House of Delegates.   The cases were filed in different three-judge district courts and were consolidated for trial in the District Court for the Eastern District of Virginia.   In an opinion written by Circuit Judge Bryan, the consolidated court held parts of the legislative Act unconstitutional and invalid and proceeded to write a reapportionment measure changing the boundaries of approximately half of the House districts and staying the effectiveness of the Act insofar as the court's opinion had altered it.   As written by the

*Together with No. A–83, *City of Virginia Beach* v. *Howell et al.,* also on application for stay of same judgment.

court the redistricting order decreases representational disparity between the several House districts from 16.4% to 7.2%. In its consideration of the General Assembly's Senate districting formula, the court found it necessary to effect only one change to make allowances for the residences of naval personnel stationed in the Norfolk-Virginia Beach area.

The motion here is for a stay of the District Court's order pending appeal. In considering questions of this kind an individual Member of the Court to whom the matter is presented should give due consideration to the fact that the four District Judges' order was substantially unanimous [1] and that the two judges who were subsequently requested to stay their order refused to do so. A single Justice, of course, must also weigh the substantiality of the questions presented in light of this Court's prior decisions, e. g., *Whitcomb* v. *Chavis,* 403 U. S. 124 (1971); *Reynolds* v. *Sims,* 377 U. S. 533 (1964); *Kirkpatrick* v. *Preisler,* 394 U. S. 526 (1969); *Wells* v. *Rockefeller,* 394 U. S. 542 (1969). Moreover, it is settled that unless a judge considering the application believes it reasonably probable that four Members of the Court will vote to hear such an appeal the requested stay should not be granted.[2] Here, therefore, the basic thing for me to consider is whether four Members of the Court are likely to vote in favor of granting this appeal when the matter is given consideration.

On due consideration, I am unable to say that four

---

[1] Judge Lewis filed a separate concurring and dissenting opinion. He fully agreed with all aspects of the ruling with the exception of the court's refusal to create a 10-member multi-member district in Fairfax County.

[2] *Board of School Comm'rs* v. *Davis,* 84 S. Ct. 10, 11 L. Ed. 2d 26 (1963); *Organized Village of Kake* v. *Egan,* 80 S. Ct. 33, 4 L. Ed. 2d 34 (1959); *Edwards* v. *New York,* 76 S. Ct. 1058, 1 L. Ed. 2d 17 (1956).

Members would so vote. The case is difficult; the facts are complicated; the four District Court Judges deciding the case had no difficulty in reaching their conclusion on the constitutional questions or in devising a plan to correct the deficiencies they found; the delay incident to review might further postpone important elections to be held in the State of Virginia should the stay be granted. These and other considerations which need not be stated lead me to believe that four Members of the Court are not likely to grant an appeal and therefore I decline to enter an order which would in effect stay the judgment of the consolidated three-judge court.