**STATE** of Missouri at the relation of **PRUITT–IGOE DISTRICT COMMUNITY CORPORATION, a Missouri Corporation, et al., Appellants,**

v.

Vern BURKS et al., Respondents.

No. 34280.

Missouri Court of Appeals, St. Louis District.

June 13, 1972.

Margaret B. Wilson, Wayman F. Smith III, St. Louis, for relators-appellants.

Robert W. Van Dillen, City Counselor, John J. Morton, Asst. City Counselor, St. Louis, for respondents.

DOWD, Judge.

This is an appeal from an order of the Circuit Court sustaining a motion to quash a Writ of Certiorari.

A Petition for a Writ of Certiorari was filed in the Circuit Court of the City of St. Louis by the appellants herein on February 21, 1971. The Writ was ordered to issue on February 24, 1971. The appellants' petition alleged that the respondents, who constitute the Board of Building Appeals of the City of St. Louis, acted beyond the scope of their authority and in excess of the Board's jurisdiction in rendering their decision of January 5, 1971.

The facts leading up to this decision are as follows. Appellants are tenants of the Pruitt-Igoe Public Housing Complex in St. Louis and comprise the Pruitt-Igoe District Community Corporation. This corporation exists for the purpose of engaging in lawful activities to improve the quality of life for residents of the complex. The corporation made a complaint to the City Building Commissioner regarding the condition of certain buildings in the complex, and on November 2, 1970, the Commissioner made a finding that the said buildings were in violation of City Ordinance 55681. He ordered the owners of the buildings, the St. Louis Housing Authority, to demolish or repair them as required by this Ordinance. The Housing Authority appealed this ruling to the Board of Building Appeals. On January 5, 1971, the Board rendered its decision sustaining the findings of violations of City Ordinance 55681, but modified the previous order by a further finding that the buildings were within the boundaries of a Federal Urban Renewal project and that the defects could be remedied by securing the buildings with steel-plating and fencing.

The appellants claimed a substantial interest in the proceedings as tenants of the complex, and averred that enforcement of the Board's decision would result in direct injury to their interests. The appellants alleged as their authority for the Petition for a Writ of Certiorari Section 393.090 of the Revised Code of the City of St. Louis, but did not attach a copy of that section to the petition.

Prior to this Petition for a Writ of Certiorari, and on February 2, 1971, appellants filed in the United States District Court for the Eastern District of Missouri,

Eastern Division, a Complaint for Injunction and a motion for temporary restraining order without notice. George Romney, Secretary of the United States Department of Housing and Urban Development, the City of St. Louis and the St. Louis Housing Authority were named as defendants. The complaint alleged the foregoing facts, along with the subsequent steps taken by the defendants to carry out the Board's decision. Irreparable injury was claimed by virtue of these acts and it was prayed that a temporary restraining order be issued to enjoin the defendants from proceeding further. The Federal Court dismissed for lack of jurisdiction.

Subsequently, on May 28, 1971, the Circuit Court entered its order sustaining respondents' Motion to Quash Writ of Certiorari. We conclude that the court below was correct in sustaining respondents' motion for the following reasons.

First, appellants did not follow the proper procedure for judicial review of the decision of an administrative body. The applicable ordinances and statutes are as follows:

"Any person or persons jointly or severally aggrieved by the decision of the Board of Building Appeals * * * shall be entitled to a judicial review of the decision * * * as provided in the Administrative Procedure and Review Act of the State of Missouri, being Section 536.100 to 536.140 RSMo." Section 394.090 Revised Code of St. Louis (Ordinance 51637, February 7, 1963); Section 2127.7 Revised Code of St. Louis.

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case * * * shall be entitled to judicial review thereof, as provided in section 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter

contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section." 536.100 RSMo.[1]

"Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision." 536.110 RSMo, V.A.M.S.

The scope of judicial review under the Administrative Procedure and Review Act is as follows:

"2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion." 536.140 RSMo, V.A.M.S.

Appellants claim they had no standing to seek judicial review, since they were not parties to the original proceeding, and therefore, their only remedy is by way of Petition for Writ of Certiorari. We think the words of the statute itself conclusively refute this position. "Any *person* * * * who is aggrieved by a final decision * * * shall be entitled to judicial review thereof, * * *." 536.100

---

1. All statutory references are to RSMo 1969, V.A.M.S.

RSMo V.A.M.S. (Emphasis ours). If the Legislature had intended to limit the right to judicial review only to the *parties* in a contested case, it would have been a simple matter to insert this word instead of *person*. By choosing the latter word, the Legislature can only have intended that this right be available to any person, party or not, who can show himself to be aggrieved by the decision.

■ This brings us to the question of whether appellants have brought themselves within the purview of this "aggrieved" status. We think they have not. Their petition alleges only that they are tenants of the Pruitt-Igoe Complex and that their interests would be injured if certain of the buildings were secured as ordered by the Board. Nowhere is there an allegation that they, or any other tenants whom they purport to represent, actually dwell in the affected buildings, or would actually stand to be evicted from the complex should this decision be carried out. There is, moreover, no allegation of proprietary, pecuniary or economic interests, direct and immediate, or otherwise. Thus, they have not shown themselves to be "aggrieved" within the meaning defined by our courts. "In order for a party to be aggrieved his substantial interest must be directly affected. The judgment must act directly on his rights and they must not merely be collaterally or incidentally involved. 'The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, * * *.' " American Petroleum Exchange v. Public Service Commission, 238 Mo.App. 92, 176 S.W.2d 533, 534. The court in that case cited with approval 3 C.J. Appeal and Error pp. 632, 633, 651, referring also to 4 C.J.S. Appeal and Error § 177.

■ The status of an "aggrieved" person must be shown whether a petition is brought under the new Administrative Procedure and Review Act or under the old statute authorizing a petition for Writ of Certiorari. Thus, even if certiorari were the proper remedy herein, we would have to dismiss under the above reasoning. Our courts have consistently held an "aggrieved" status must be established to bring certiorari. Stickelber v. Board of Zoning Adjustment, Mo.App., 442 S.W.2d 134; Lindenwood Improvement Association v. Lawrence, Mo.App., 278 S.W.2d 30.

Recently, the United States Supreme Court in Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (decided April 19, 1972) discussed the meaning of an "aggrieved person" in order to qualify for judicial review. The court held that "a mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself to render the organization 'adversely affected' or 'aggrieved' * * *." 92 S.Ct. 1. c. 1368 "[T]he fact of economic injury is what gives a person standing to seek judicial review * * *." 92 S.Ct. 1. c. 1367. There is no allegation in the case before us of any economic injury, or of any "injury in fact," which interest could be said to be " 'arguably within the zone of interests to be protected or regulated' by the statutes that the agencies were claimed to have violated." 92 S.Ct. 1. c. 1365. Citing Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184, and Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192.

In the case of State ex rel. Bond v. Simmons, Mo.App., 299 S.W.2d 540, this court treated a petition for a Writ of Certiorari as a petition for administrative review. However, in that case the petition had been filed within 30 days of the filing of the Board's decision, and all the necessary parties were served. In the case at bar appellants failed to comply with either of these requirements.

Section 536.110(2) RSMo, V.A.M.S., requires copies of the petition to be delivered to the agency and to each party of

record in the proceedings before the agency. Here the St. Louis Housing Authority was a party of record in the proceedings. However, the St. Louis Housing Authority was apparently not served, as required, for no proof of service appears on the record. The only proof of service shown in the record on appeal is that for each member of the Board of Building Appeals.

■ Appellants allege that the 30-day restriction cannot apply to them, since there is no obligation on the part of the Board to provide them or any non-party with a copy of its decision. Presumably, they cannot, therefore, be expected to know when the decision is final.

■ In this instance, however, the appellants had *actual* knowledge of the Board's decision, as evidenced by their Complaint and Motion filed in Federal Court within the 30-day limitation. Moreover, we think that appellants can be charged with *constructive* knowledge of the decision by reason of Section 394.070 Revised Code of St. Louis:

"* * * The action of the Board shall not become effective until after the resolution of the Board setting forth the full reason for its decision and the vote of each member participating herein has been spread upon the minutes. Such resolutions, immediately following the Board's final decision, shall be filed in the office of the Board and shall be open to public inspection." (Ordinance 51637, February 7, 1963).

The decision of the Board was therefore immediately available to the public. The members of the public, especially those as interested in the outcome as the appellants, may reasonably be charged with constructive knowledge of that which is freely available to them. Cohen v. Ennis, Mo., 318 S.W.2d 310.

Appellants attack the Board's decision on the grounds that it is void, and may there-fore be attacked at any time. They assert that a Writ of Certiorari is the proper procedure for attacking this defect. This argument is erroneous for two reasons: (1) The decision was not void, and (2) the procedure for review provided by the Administrative Procedure Act replaces the former remedy relied on by appellants.

Section 2126.1 of the Building Code of the City of St. Louis, as enacted by Ordinance 52506, reads in part as follows:

"If, upon making his examination and inspection, the Building Commissioner finds that the building or structure has any one or more of the defects described above in Paragraphs A–S inclusive, he shall at once notify in writing the owner or owners of said building or structure, as provided by Section 2126.2 of this Code, of the defects found in said building or structure and shall order him or them to demolish or repair said building or structure within 7 days unless said building or structure is located within an area in which either a *Federal urban renewal program* or a Federal concentrated code enforcement program is then being conducted or for which an application by the City of St. Louis for such a program is pending, in which case the Building Commissioner shall order the owner or owners to demolish, repair or *secure* said building or structure within seven days: * * *." (Emphasis ours).

Section 394.060, Revised Code of St. Louis, enumerates the powers of the appeal board. "In exercising its powers the Board of Building Appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination as ought to be made." (Ordinance 51637, February 7, 1963).

■■ Thus, the Building Commissioner had the authority to make the decision he did, and the Board had the authority to modify it. The Board may have made an erroneous ruling, but mere error does not

render a judgment void. In view of the fact that the Pruitt-Igoe Public Housing Complex is federally funded, as evidenced by the appellants' Complaint in the Federal Court, we cannot conclude that the Board's finding that the buildings in question fell within the boundaries of a Federal Urban Renewal project was arbitrary and capricious and without substantial evidence.

However, even if it were true that the Board's decision was void, this would not help appellants' position, since they have not followed proper procedure for attacking it. A Petition for Writ of Certiorari to review the actions of an inferior tribunal, authorized by Section 393.090, Revised Code of the City of St. Louis, is no longer valid for review of the decisions of administrative agencies. Section 393.-090, which was relied on by appellants in its Petition for Writ of Certiorari, was replaced in February of 1963 by Ordinance 51637. This Ordinance, in Section 394.090, cited earlier in this opinion, contains the procedure to be used for judicial review of a decision of an administrative agency, that is, Sections 536.100–536.140 of the Administrative Procedure and Review Act, also cited, *supra*. The scope of inquiry is contained in Section 536.140, cited in full, *supra*, which scope is the same as that given a reviewing court under the doctrine of Writ of Certiorari. It is, therefore, obvious that the remedy provided by the cited ordinances and statutes completely replaces the Writ of Certiorari formerly used.

The appellants' contentions and allegations could not be entertained even if their original petition had not been fatally defective, for the reasons given above. We must therefore affirm the lower court's ruling sustaining respondent's motion. It is so ordered.

BRADY, C. J., and SMITH and WEIER, JJ., concur.