**UNITED STATES of America,**

**v.**

**A WALK–IN VAULT located in the office area of an office-warehouse building described as follows, a one-story building that has 3 truck-loading docks at the east front of the building with the office at the west front of the building, with a light brown brick facade with the following raised letter names on the front of the office portion, International Trading Company and Cream City Construction Company, located on the south side of the road, facing north, and known as 4119 West Green Tree Road, Milwaukee, Wisconsin.**

**Misc. No. 431.**

United States District Court, E. D. Wisconsin.

June 30, 1975.

William J. Mulligan, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for the United States.

Franklyn M. Gimbel, Milwaukee, Wis., for Movants Micheal Shapiro, Jack La-Kam, Julius Rubin and Ben Libowsky, individually and as partners in Farwell Enterprises, Mill Road Enterprises, and Libowsky, LaKam and Rubin d/b/a Newport West Apartments.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a motion under Rule 41(e) of the Federal Rules of Criminal Procedure seeking the return of certain records and the suppression of their use as evidence in any criminal proceedings. The movants are Michael Shapiro, Jack La-Kam, Julius Rubin, and Ben Libowsky, who are partners in Farwell Enterprises, Mill Road Enterprises, and Libowsky, LaKam and Rubin d/b/a Newport West Apartments. The records were seized during the execution of a search warrant on May 21, 1974, from a walk-in vault in the office area of the International Trading Company and Cream City Construction Company, located at 4119 West Green Tree Road, Milwaukee, Wisconsin. The grounds asserted are (1) the records were not particularly described nor specifically related to the object of the search, thereby violating the Fourth Amendment, and (2) the records are of a personal and testimonial nature, thus making them not subject to seizure under the Fifth Amendment.

### I.

■ The search warrant was issued upon the affidavit of Special Agent Roger H. Wheeler of the F.B.I. In the affidavit facts are set forth describing what the affiant believes to be the existence of an extensive check-kiting [1] operation involving the use of nine checking accounts, including ones in the names of the movants and their partnerships, together with International Trading Company and International Storage Corporation. All the mailing addresses for the checking accounts were the same: 4119 West Green Tree Road, Milwaukee, Wisconsin.

---

1. The check-kiting scheme described in the affidavit involved two employees of the First National Bank of Glendale, five employees of the International Trading Company, and the four movants. Each day, the bank employees would ascertain which of the nine checking accounts were overdrawn and the balance in all the accounts, and transmit this information to the International Trading Company office. Worthless checks were then drawn and deposited to make each account appear to have sufficient funds in it. The total amount embezzled was allegedly $700,000.00.

The affidavit further relates that an employee of the International Trading Company had informed Agent Wheeler that the cancelled checks, bank statements, ledger books and other materials used in the check-kiting scheme were maintained in a walk-in vault in the office area of International Trading Company at 4119 West Green Tree Road, Milwaukee, Wisconsin.

The search warrant issued by Magistrate John C. McBride described the property to be seized as follows:

"* * * the cancelled checks, bank statements, ledgers, business and other records of the following: International Trading Company, International Storage Corporation, Farwell Enterprises, Mill Road Enterprises, Michael Shapiro, Jack LaKam, Julius Rubin, Ben Libowsky and Libowsky, LaKam and Rubin d/b/a Newport West Apartments, * * *."

The above description is sufficient compliance with the Fourth Amendment's requirement that a search warrant particularly describe the things to be seized. *Marron v. United States,* 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). Movants' challenge to the search and seizure on Fourth Amendment grounds must be rejected.

## II.

The basis of movants' Fifth Amendment claim is that they would have been able to successfully refuse to produce the records [2] in response to a subpoena by asserting their privilege against self-incrimination, and that the fact that the government "compelled" production by means of a search warrant rather than a subpoena should not alter the result. See, *Hill v. Philpott,*

445 F.2d 144 (7th Cir.), cert denied, 404 U.S. 991, 92 S.Ct. 533, 30 L.Ed.2d 5 (1971).

In *Hill* the Court indicated that the first step in determining whether records seized pursuant to a valid search warrant are privileged under the Fifth Amendment is for a determination to be made of whether the records are "testimonial" or "communicative" in nature. *Hill v. Philpott,* 445 F.2d at 148. See, *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Since the Fifth Amendment privilege is a personal one, adhering to the person and not to the information, *Couch v. United States,* 409 U.S. 322, 328, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973), it is necessary that the records were prepared by the persons asserting the privilege in order for it to be applicable. *United States v. DeMarsh,* 360 F.Supp. 132 (E.D.Wis.1973).

The affidavit of Special Agent Wheeler indicates that each checking account was used by at least five persons besides the four movants. The movants' affidavits contain no allegations that they personally prepared or signed any of the records seized. Further, some of the seized records—the bank statements —were obviously prepared by the bank and not by the movants or their cohorts. Moreover, the checks and deposit slips by their nature were not kept as secret records but were sent through the bank's check collection and clearing process, resulting in their being handled and read by bank employees.

From the above facts it is evident that the records seized were not of a testimonial or communicative nature as to the movants. Further, the records seized here were the very instrumentalities of the crime alleged—check-kiting—

2. The inventory includes: check register records, bank statements, cancelled checks, and deposit slips relating to four checking accounts in the names of Jack LaKam, Julius and Beatrice Ruben (sic), Ben Libowsky, and Michael Shapari (sic); journal and ledger entry records, bank statements, cancelled checks, and deposit slips relating to five checking accounts in the names Mill Road Enterprises, Farwell Enterprises, Libowsky, LaKam and Ruben (sic) d/b/a Newport West Apartments, International Trading Co., and International Storage Co.; six invoices and attached receipts of the International Trading Co. (sic).

**836**

rather than business records seized from an individual's home and office as in *Hill v. Philpott,* supra. Movants' Fifth Amendment claim must therefore be rejected.

It is ordered that the motion for suppression and return of the records seized on May 21, 1974, is denied.