In re Application of 354 SKINKER CORPORATION for a Full Drink Liquor License.

No. 43602.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 11, 1981.

Coggan R. Mills, Hayes & Heisler, Clayton, for appellant.

Gregory D. Hoffman, Green & Lander, Clayton, for respondents Stout, et al.

Thomas A. Connelly, City Counselor, John J. Morton, Asst. City Counselor, St. Louis, for respondent excise commissioner.

SNYDER, Judge.

The 354 Skinker Corporation appeals from a circuit court judgment which vacated the decision of the excise commissioner of the City of St. Louis[1] which granted appellant a full drink liquor license. Respondents[2] are residents or businessmen who occupy premises within the petition circle, a 200-foot radius circle described in § 376.022, R.C.St.L.[3] The trial court remanded the cause for rehearing and preparation of a transcript.

Appellant charges the trial court erred in denying its motion for summary judgment and motion to dismiss respondents' petition for review because: (1) respondents are not "aggrieved parties" and have no standing to seek judicial review under § 536.100, RSMo 1978[4] and (2) the case is not a "con-

---

1. The excise commissioner is empowered by ordinance to prescribe the terms and conditions for the granting of licenses and to make rules and regulations for carrying out his duties. § 371.030, R.C.St.L.

2. The excise commissioner, also a respondent, contends the liquor license was properly granted, but agrees the trial court did not err in denying appellant's motions for summary judgment and to dismiss because the other respondents are aggrieved persons for appeal purposes, and the hearing was a contested case under § 536.010(2).

3. Section 376.022, R.C.St.L. reads: "Neighborhood approval required for 'Drink' or 'C.O.L.' license, premises other than boats.—The petition of the applicant to obtain a 'Full Drink,' '5% Drink' or a 'C.O.L.' license for premises other than a boat shall be signed by a majority of the persons, if any, owning property and a majority of the persons, if any, occupying or conducting any business on the main or surface floor within a prescribed petition circle drawn by a radius of two hundred feet plus one-half of the width of the front of the premises from the center of the front of the premises projected to the street."

4. All statutory references are to RSMo 1978 unless otherwise stated.

tested case" under the Administrative Procedure and Review Act, § 536.010 et seq. Appellant's points have no merit. The judgment is affirmed.

On September 6, 1979, appellant filed an application for a full drink liquor license for premises located at 354 North Skinker Boulevard, St. Louis, Missouri. The application allegedly contained the written consent of the majority of property owners or persons conducting businesses within a prescribed petition circle as required by § 376.022, R.C. St.L.

A preliminary hearing on the application was held on October 26, 1979. On November 7, 1979, respondents each claiming to be a property owner or businessman within the 200-foot area of the circle, filed a written protest against the issuance of the license and requested a protest hearing. § 376.-034(A)(B), R.C.St.L.[5] Protest hearings were held on November 30, 1979 and January 11, 1980 at which times evidence reflecting support and opposition to the issuance of the license was presented. No transcript of the proceedings at either protest hearing was recorded. The record indicates that the preliminary hearing on October 26, 1979 was informal. No transcript of testimony in the preliminary hearing, if there was testimony, was included in the record, and the arguments in the parties' briefs are directed only to the absence of transcripts of the protest hearings. On February 6, 1980, the excise commissioner granted appellant a full drink liquor license. § 376.010 et seq., R.C.St.L.

Respondents filed their petition in the circuit court for judicial review of the excise commissioner's decision pursuant to § 536.010 et seq. They also filed a motion to reverse and remand and a motion to stay the decision pending review.

Appellant filed a motion for summary judgment and a motion to dismiss on the grounds that: (1) respondents are not "aggrieved parties" under § 536.100 and have no standing to seek judicial review of the excise commissioner's decision; and (2) the case is not a "contested case" within the meaning of the Administrative Procedure and Review Act, § 536.010 et seq. and therefore, the excise commissioner is under no obligation to preserve or record the proceedings.

On April 30, 1980, the trial court denied without prejudice appellant's motion for summary judgment and respondent's motion to reverse and remand and motion to stay the decision. Appellant's motion to dismiss was denied on June 20, 1980. The trial court reversed and remanded the cause for rehearing and preparation of a transcript on October 9, 1980. This appeal followed.

Appellant contends that respondents are not "aggrieved parties" and have no standing to seek judicial review of the excise commissioner's decision. The point is not well taken.

◼ Section 536.100 accords standing for judicial review from a final administrative decision to:

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision

---

5. Section 376.034(A)(B), R.C.St.L. reads: "(A). Upon written protest signed by five (5) or more residents or persons maintaining businesses or offices within the petition circle of any liquor establishment licensed under any of the 'Full Drink' or 'Full Package' provisions of the Code Chapter 376, a public hearing date shall be set not less than ten (10) days from the date of filing such protest with notice to the licensee served at the establishment and upon any person or employee connected with the operation of said establishment. Such notice shall be a copy of the written protest as filed, without names of the protesters however, and shall contain the time, place and date set for the public hearing. Appropriate placards shall be posted in conformance with the provisions of 376.033 stating the fact of protest hearing however, rather than hearing on '. . . the type of license applied for.' (B). Written protests against applications for new establishments may be filed at any time including the day set for hearing. Such hearing shall not be postponed because of such filing but the hearing may be partially heard and continued to a date certain if the excise commissioner finds it necessary to verify or investigate any matter, circumstance or allegation contained in the written protest prior to his final ruling or decision."

in a contested case, whether such decision is affirmative or negative in form ... unless some other provision for judicial review is provided by statute ...."

The legislature used the word "person" in the statute instead of "party". The right of judicial review; therefore, is available to any person, party or not, who is aggrieved by an administrative decision. *State ex rel. Pruitt-Igoe District Community Corp. v. Burks*, 482 S.W.2d 75, 77–78[1] (Mo.App. 1972). The respondents here, because of the standing given them by the St. Louis ordinance, are "aggrieved persons" who are entitled to judicial review under the statute.

Section 376.022, R.C.St.L., which requires neighborhood approval prior to issuance of a full drink liquor license and § 376.034(A), R.C.St.L. which allows formal protest by respondents together, expressly grant standing to respondents as aggrieved persons. These ordinances recognize respondent residents or businessmen as having proprietary, pecuniary or economic interests which are directly affected by a decision of the excise commissioner to grant liquor dispensation privileges. *Conrad v. Herndon*, 572 S.W.2d 216, 218–219[2] (Mo.App.1978); *State ex rel. Pruitt-Igoe District Community Corp. v. Burks, supra*, at 77–78[1]. The interest recognized by the ordinance makes respondents aggrieved persons under the statute.

No cases were cited by the parties, and research has disclosed none, which rule directly on this issue under similar facts. The cases cited by appellant do not speak directly to the "aggrieved person" status of any persons who are in the same position as respondents in relation to a city ordinance. Therefore, appellant's first point is denied.

█ Appellant argues in its second point that this case is not a "contested case" under § 536.010 et seq. and that the excise commissioner is under no obligation to record or preserve the proceedings. A "contested case" within the meaning of the Administrative Procedure and Review Act, § 536.010 et seq. is a proceeding in which legal rights are required by law to be determined after a hearing before an administrative agency. *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356[2] (Mo. banc 1958); *Vorbeck v. McNeal*, 560 S.W.2d 245, 250[4, 5] (Mo.App.1977). The case under review fits this definition.

The legal rights of the appellant corporation which applied for a liquor license, and of the neighboring property owners, residents and businessmen are required to be determined after a hearing by the excise commissioner who is an agency as defined in § 536.010(1).[6] The hearing is required by the provisions of the St. Louis ordinances, §§ 376.030 and 376.034(A), R.C.St.L.

In any contested case the administrative agency is required to suitably record and preserve the proceedings in a hearing before it. § 536.070(4). The excise commissioner failed to record the proceedings either at the preliminary hearing or at the hearings held before him on January 11, 1980 and November 30, 1979. The trial court properly reversed and remanded the matter for rehearing and preparation of a transcript. *See Labrayere v. Goldberg*, 605 S.W.2d 79, 85[4] (Mo. banc 1980).

The cases cited by appellant, *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338 (Mo. banc 1979) and *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353 (Mo. banc 1958), are distinguishable on the facts and do not support appellant's position.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

---

**6.** Section 536.010(1) reads:

" 'Agency' means any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases...."