THE STATE *ex rel.* THE PEOPLE'S RAILWAY COMPANY, *Appellant*, v. TALTY, *Judge.*

Division One, May 25, 1897.

1. **When Appeals Are Allowable.** A person who has no control over property affected by an order of court, and is not affected nor aggrieved by such order, has no legal grievance, and the circuit court is right in refusing him an appeal.

2. ———: STATUTORY RIGHT. No appeal will lie from judgments or orders affecting property, unless allowed by statute, and by statute appeals are allowed only to those who are aggrieved by judgments or orders affecting some pecuniary or property right or interest of theirs.

3. ———. The relator's entire property was placed in the hands of a receiver by the court, to whose action the relator made no objection. Afterward two of the stockholders made application to the court for an order on the receiver to compel him to permit them to make an examination of the company's books. Relator was permitted to file reply, alleging that the application was inspired by a rival company to hinder and thwart the relator's efforts to advantageously dispose of its property. The court, after hearing, granted the application; the relator asked for an appeal, which being denied, a writ of *mandamus* was asked of this court directing such circuit judge to allow the appeal. *Held*, that as neither appellant nor respondent is a party to the original application asking for the order on the receiver, and neither is affected by the order made in that proceeding, no appeal by the relator was authorized, *and* the denial thereof by the trial judge was proper.

State ex rel. v. Talty.

4. ———: RECEIVERSHIP. The object of the appointment of a receiver is to put the management and control of property within orders of the court; and an application that asks for an order that takes such control and management away from the court and places it in the hands of the relator, should be denied.

## Mandamus.

WRIT DENIED.

*Kinealy & Kinealy* for relator.

(1) The right of Clark and Campbell was capable of being contested, and the judgment involved issues of law and facts. *State ex rel., etc., v. Sportsman's Park Ass'n*, 29 Mo. App. 329; High on Extr. Legal Rem. [3 Ed.], sec. 310; 1 Morawetz on Priv. Corp. [2 Ed.], sec. 473; Merrill on Mandamus, sec. 161; 19 Am. and Eng. Ency. of Law, 231, par. 2. (2) An appeal lies from a judgment awarding or denying a peremptory writ of *mandamus* even if the proceeding before defendant were deemed such a proceeding. *State ex rel. Laclede Bank v. Lewis*, 76 Mo. 370; *State ex rel. v. Horner*, 10 Mo. App. 307. (3) An application to compel an inspection of books and papers of a corporation, in the absence of a statutory right, requires a trial of issues of law and fact, in addition to the question as to whether the applicant is a stockholder. *State ex rel. v. Sportsman's Park Ass'n*, 29 Mo. App. 329, 330; High on Extr. Legal Rem. [2 Ed.], sec. 310, p. 285; 1 Morawetz on Priv. Corp. [2 Ed.], sec. 473, p. 444; Merrill on Mandamus, sec. 161, p. 198; 19 Am. and Eng. Ency. of Law, 213, par. 2. (4) An appeal lies by the relator from the judgment of Judge Talty in the proceeding mentioned in our petition. 2 Ency. of Pl. and Pr. 70, par. 2; *State ex rel. Gercke v. Seddon*, 93 Mo. 520; *Nolan v. Johns*, 108 Mo. 431; *Bank v. Bank*, 136 U. S. 223; *Farmers' L. & T. Co. v. Rail-*

road, 76 Fed. Rep. 608; *City of New Orleans v. Peak*, 52 Fed. Rep. 74. (5) The receiver can not appeal; hence, it only rests with the relator to do so. *McKinnon v. Wolfender et al.*, 78 Wis. 238; *Melendy v. Barbour*, 78 Va. 555. (6) The proceeding in the circuit court was not a *mandamus* case, and is not affected by the provisions of section 2524 of 1 Revised Statutes of Missouri 1889. Merrill on Mandamus, sec. 13, p. 7, and cases cited; *Pollock v. Farmers' L. & T. Co.*, 158 U. S. 617-620; *Kennedy v. Railroad*, 2 Flipp.704; *Rouse ·a Letcher*, 156 U. S. 47-56. (7) The proceedings in the court of appeals are no bar to this proceeding in this court. Ency. of Pl. and Pr. 986; *Martin v. Cooke*, 14 N. Y. Supp. 329; *Stokes v. Railroad*, 89 Hun. 2.

*Albert Arnstein* for respondent.

(1) A writ of *mandamus* will not lie unless the party applying therefor shows a clear right to the full remedy which he asks. *State ex rel. Snyder v. Newman*, 91 Mo. 445; *State ex rel. Ensworth v. Albin*, 44 Mo. 346. (2) An appeal with a *supersedeas* bond does not lie from an order of the court authorizing an inspection of the books and accounts of a corporation. R. S. 1889, sec. 2524. (3) An appeal will only lie in such cases as are specifically provided for by statute. Session Acts 1895, p. 91; *Voorhis v. Western Union Building and Loan Ass'n*, 59 Mo. App. 55; *Sater v. Hunt*, 61 Mo. App. 228. The statute gives a right of appeal only in certain cases therein enumerated, and from a final judgment in a cause. As an order made upon its receiver by the court is not one of the enumerated cases nor a final judgment, an appeal will not lie therefrom. An incidental order in a case pending before the court is not a judgment from which an

appeal will lie. *George v. Craig*, 6 Mo. 648. (4) Under the statutes (Session Acts 1895, page 91), the right of appeal lies only in favor of a party who is aggrieved by the judgment of the court. In order that a person be "aggrieved," he must have a pecuniary interest in, be directly affected by the decree, or when his right of property may be established or divested thereby. *Swackhamer v. Kline*, 25 N. J. Eq. 50; *Andrews v. Andrews*, 46 N. J. Eq. 528; *Hemminway v. Cory*, 16 Vt. 225; *Bush v. Bank*, 48 N. Y. 659; *Hall v. Brooks*, 89 N. Y. 33; *Lawless v. Regan*, 128 Mass. 592. As the defendant's pecuniary interests could not be directly affected by the order permitting the stockholder to inspect the books, and, as its property rights were neither established or divested thereby, relator was not "aggrieved" by the order, and the court properly refused to grant him an appeal. (5) Relator was not in any sense a party to the proceedings. Although it filed an answer to the petition of Campbell & Clark, such filing was permitted as a matter of courtesy, rather than a matter of right. The petition prayed no order or decree against the relator, but simply an order upon the receiver, with reference to the property in his possession. It might, with equal propriety, be urged that the defendant could appeal from an order of the court directing the receiver to employ or discharge help, or from an order directing him to cause the tracks of the company to be placed in proper repair. (6) As the books were in the custody and exclusive control of the court, which granted the petition to inspect them, the situation is identical with what it would be, had the corporation itself, while in possession of its books, voluntarily accorded a stockholder the privilege of inspection. The situation gives rise to no issue for a court to consider.

ROBINSON, J.—This is a proceeding by *mandamus* instituted at the relation of the People's Railway Company of St. Louis, to compel respondent, one of the judges of the circuit court for the city of St. Louis, to allow an appeal from an order made by said court upon its receiver in charge of the books and property of the relator, permitting an examination of the books of the corporation to certain of its stockholders.

The facts out of which these proceedings grew are thus briefly stated:

On April 16, 1897, one Lewis M. Rumsey, as relator, instituted proceedings against the relator herein, the People's Railway Company, asking that a receiver be appointed for said railway company to protect the bondholders of the company represented by the relator therein and other lienors, and for a sale of the property of the company, and that the company be ordered to turn over to said receiver its books of accounts, vouchers, papers, and all and every kind and character of property it owned and controlled. When the same came up for hearing before the respondent herein as one of the judges of the circuit court of the city of St. Louis he made an order appointing one Charles Green as receiver in accordance with the prayer of the petitioners therein; and in compliance with the order so made in said cause by the respondent herein as judge of the court, said People's Railway Company did turn over and deliver to said Charles Green as receiver all the books, papers, accounts, and all other property and effects belonging to the company; and the receiver, as officer of the court, has ever since been in the control and management of the company's property and in possession of its books, papers, accounts, etc. No objection was made by the relator herein to the entry of the decree appointing the receiver; no defense has ever been made to the suit

filed, and the time for pleading to the petition filed against the company has passed.

On March 31, 1897, Charles Clark and James Campbell filed their petition or application in the cause of Lewis M. Rumsey against the People's Railway Company, praying for an order directing the receiver to authorize them to make or cause to be made an examination of the books and accounts of said People's Railway Company, stating that they were now, and had been for some years past, stockholders of the People's Railway Company, owning respectively one hundred and twenty-five and five shares of its capital stock which stood in their names upon the books of the company; that as such stockholders they requested the receiver to submit the books in his custody to an examination by them, but he says he is simply the custodian of the books and papers, as an officer of the court, and that he can not permit the examination unless ordered and directed by the court.

To this petition or application the receiver files what he calls his answer, admitting that he is the receiver appointed as hereinbefore mentioned, and as such has the possession of the books of accounts and papers pertaining to the business of the People's Railway Company, but says that as such receiver he has no knowledge or information sufficient to form a belief as to whether, at the time of the filing of the application by said Clark and Campbell, they were or were not stockholders of the People's Railway Company, and further answering said petitioner, states that the People's Railway Company denies that he has any right or authority to submit its books of accounts to examination by persons who, as against it, do not show a right to examine said books, and has notified him that neither said Clark nor Campbell has any

State ex rel. v. Talty.

legal or equitable right to make such an examination and has warned him not to permit either said Clark or Campbell to have access to, or to examine, its said books unless they show grounds entitling them to make such an examination, and he therefore prays the judgment of the court whether the said Clark and Campbell, or either of them, are entitled to the order they ask.

The court also permitted the People's Railway Company to file what it termed its answer to the petition of Clark and Campbell asking for the order upon the receiver for an examination of the books, and that answer, omitting names of parties and caption, is here given in full, that relator's contention may be properly shown:

"Defendant, the People's Railway Company, for answer to the petition of Charles Clark and James Campbell, filed as a petition in the case of *Lewis M. Rumsey v. The People's Railway Company et al.*, admits they were at one time stockholders of said company, but whether they are stockholders at the date of the filing of said petition this defendant has no knowledge or information sufficient to form a belief save as above stated.

"Further answering, this defendant says it was incorporated under the general railroad law of this State on the second day of July, 1859, and its incorporation, and its privileges and franchises, as a railroad company, were duly confirmed by an act of the General Assembly of the State of Missouri, approved January 16, 1860, and entitled 'An act concerning street railroads in St. Louis.' This defendant further states that its capital stock consists of twenty thousand shares of the par value of fifty dollars each, which are held by a large number of stockholders;

that plaintiff Campbell was a director of this defend-
ant for many years and up to the first day of last month,
and as such was fully conversant with its business and
affairs and with the accounts and state of accounts,
and the books and the floating and bonded .debt and
other debts of this defendant, and if, in the manage-
ment of this defendant, or in its condition, or in any
other respect, there were at any time, or are, any
special, or good reasons for an examination of the
books or accounts of this defendant, he well knows
them and could set them forth. But this defendant
avers the fact to be that said Clark is wholly under the
influence of said Campbell, and that said Campbell
and others are acting in the interest and as employees
of the officers and owners of a rival railroad, and have
instituted this proceeding with the intention and design
to hinder a reorganization of defendant, by delaying
proceedings to that end under pretense of an examina-
tion of books, and to embarrass, delay and hinder this
defendant in raising funds to pay off its indebtedness,
by disrupting arrangements now made for that pur-
pose, and with the intention to force a sacrifice of de-
fendant's property and enable said officer and owners
of said rival railroad to obtain defendant's road and
franchises without any. adequate consideration and
thus greatly damage this defendant.

"Defendant further states that it has perfected an
arrangement to pay off its bonds and resume the man-
agement and operation of its railroad, and if not hin-
dered or delayed by said Campbell, his associates and
employers, will carry out said arrangement successfully
and within two weeks.

"And defendant further states that its books are
freely open to its bondholders who may desire in good
faith to obtain a settlement of their claims and not
merely to impede a settlement of them to benefit ad-

verse interests; but it submits that the wrongful designs and purposes of said Campbell and his associates and their employers deserve no favorable consideration from this court, are contrary to equity and to law, and therefore that this, their petition, should be denied.

"Wherefore defendant prays that application be denied and said petition be dismissed, and for its costs."

The petitioners Clark and Campbell then filed denials to said answers, and upon a hearing before the court upon the issues thus raised, the court ordered the receivers to permit the applicant to examine the books of accounts, etc., of the company.

"Now, at this day, this cause coming on for hearing on the petition of James Campbell for an order to examine the books of defendant People's Railway Company, come petitioner, defendant People's Railway Company, and the receiver herein, Charles Green, by their respective attorneys, and submit this cause to the court upon the pleadings, evidence and proofs adduced, and the court being fully advised in the premises, doth order and adjudge that the receiver, for the purpose of this examination, is to furnish a statement of such floating indebtedness, and of the receipts and disbursements since January, 1896, to petitioner on or before the seventh day of April, 1897, with the particulars thereof, and the petitioner shall have access to the regularly kept books of account of the company for the purpose of ascertaining the correctness of the statement so furnished. Mr. B. D. Kribben, as agent of said Campbell, may conduct such examination."

From which order the People's Railway Company sought to appeal by filing its affidavit in due form and tendering its appeal bond to the court.

On the refusal of the court to allow to the relator

herein an appeal from the order made upon the receiver to permit an examination of the books in his hands, as above set out, it instituted this proceeding by *mandamus* to compel the accomplishment of that end by a mandatory order from this court.

Under these facts, should the writ be made peremptory?

Many very interesting questions have been raised and discussed in the arguments and briefs filed herein, such as the scope and power of the writ of *mandamus*, when it will lie, what the nature and character of the proceeding instituted by Clark and Campbell for the order to examine the books of the railway company before the circuit court, and, if it be treated as a *mandamus* proceeding given by the provisions of section 2524, Revised Statutes 1889, denying a *supersedeas* on appeal from an order authorizing an inspection of the corporation books to complaining stockholders, does the provision of section 2524, Revised Statutes 1889, control the appeal allowed to be taken from the judgment or order made by respondent as judge of the circuit court; and if held to apply, is the section subject to the objection, *first*, of being unconstitutional as class legislation, or *second*, as impairing the obligation of the contract made between the State and the relator herein when the latter was incorporated by the act of the legislature approved January 16, 1860, entitled "An act concerning street railroads in the city of St. Louis."

All these questions raised and discussed by counsel might prove instructive if pertinent, but at the very threshold of the inquiry here we must ask: Who is the party attempting to prosecute the appeal from the judgment and order of the circuit court, authorizing an examination of the books of the railway company, in the hands of the court through its receiver, and was

the relator herein in any wise affected by the order?
If neither is a party to the original proceeding by Clark
and Campbell, and not affected by the order made
therein, no appeal by it was authorized and the action
of the respondent herein as the judge of the court in
denying the appeal was proper, and no other question
raised need be discussed, and no other is properly
before the court.

Under the statute (Sess. Acts, 1895, page 91) the
right to appeal lies only in favor of "any party to a
suit aggrieved by any judgment of any circuit court in
any civil cause from which an appeal is not prohibited
by the Constitution, to a court having appellate juris-
diction from any order granting a new trial, or in arrest
of judgment, or order refusing to revoke, modify or
change an interlocutory order appointing a receiver or
receivers, or dissolving an injunction, or from any
interlocutory judgment in actions of partition which
determine the rights of the parties, or from any final
judgment in the case, or from any special order after
final judgment in the cause."

While the relator herein was permitted to file what
it termed an answer to the application or petition pre-
sented to the court by Clark and Campbell for an
order upon the receiver to permit an examination of
relator's books then in the custody of the receiver, the
permission was a mere courtesy and not a right.   The
petition of Clark and Campbell asked no order or
decree against relator, but simply an order to examine
books and papers in the hands of the receiver over
which the relator had surrendered all control and pos-
session, and no order was made in any wise affecting
an interest of the relator to or in the books and papers,
or that could in any legal sense be said to effect a right
or interest of relator in anywise.

The mere filing of a paper in a case by one neither

necessary nor proper to the determination of the issues tendered, does not in contemplation of law constitute such an one a party to the suit that is of necessity affected by any and all judgments, orders or decrees that may be entered therein.

While it may be further conceded for the sake of this discussion that the relator, whether joined or not with the receiver in a suit that had resulted in a judgment, order or decree that tended to the ultimate appropriation, waste or consumption of its property, or its dissemination, had the right to appeal from that judgment, order or decree and in fact may be said to be the only necessary and proper party to prosecute the appeal, still it can not be successfully contended that the relator herein would have the right to delay the final adjustment and winding up of its estate in the hands of the court by an appeal from every order that effects only the management, control and possession of the property surrendered to its hands and custody for the express purpose of management and control, by reason of the relator's incapacity or indisposition to do and perform that office faithfully through its agents and regularly constituted board of directors. The management and control of the property and effects of all kinds belonging to the relator company, after the appointment of a receiver, rests of necessity in the exclusive judgment of the court making the appointment and assuming the charge thereof; and to suffer that judgment to be questioned on appeal at the instance of the relator company, and the substitution in this court of the judgment of the complaining relator, for that of the circuit court appointing the receiver and taking charge of the property, would defeat the very object of the receivership, which was to suspend the power and to restrain and prevent the further control of the managing board of directors of the company over its property.

State ex rel. v. Talty.

But independently of what may be said of the control, duty or power of the courts over property in their custody, no appeal will lie from judgments or orders made affecting the same unless allowed by statute, and by statute appeals are allowed only to those who are aggrieved by judgments, orders or decrees made affecting directly some pecuniary or property rights or interest of the appellant. Judgments or orders that effect or offend merely the taste or sensibilities of a party constitute no legal grievance, authorize no appeal therefrom; nor does the right of an appeal exist in favor of a party aggrieved or offended by the mere disclosure of facts brought about by the carrying out of an order or decree of court that ultimately may result disastrously to the party.

It would be a most intolerable obstruction to the operations of our courts and a paralyzation of their use if parties having no legal interest in the result of their judgment, order or decree, and not pecuniarily affected thereby, out of a spirit of pure sentiment or suspicion of possible anticipated harm indirectly flowing to them therefrom should be permitted an appeal and to stay by *supersedeas* bond the hand of the court until their collateral grievance could be heard in this court, wanting in authority to settle and adjust them when presented.

Relator having at the time no right to the control of the subject of the order, and not being affected or aggrieved by the order, had no legal grievance, and the action of the circuit court was right in refusing the appeal attempted by relator. The writ of *mandamus* is denied. BARCLAY, C. J., MACFARLANE and BRACE, JJ., concur.