[No. 5533.]

Smith v. Hagan et al.

Appeal—Who May Assign Errors—No one can complain of a judgment from which he suffers no injury. A decree enjoins a land owner from constructing a fence about certain lands. One to whom he had let the contract, though he is made defendant, sustains no such injury by being thus disabled to perform his contract, as will entitle him to prosecute error. He must look to his employer.—(410)

*Error to Jefferson District Court*—Hon. A. H. DE FRANCE, Judge.

Mr. JOHN H. GABRIEL, Mr. W. D. GARDNER, and Mr. F. T. JOHNSON, for plaintiff in error. ·

Mr. W. E. HUTTON and Mr. B. B. McKEY, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The controversy is over a strip of land 30 feet wide and 80 rods long, lying north of and fronting Prospect avenue, a public highway in Jefferson county. On the east side of it, plaintiff Hagan owns a tract of land which borders on and extends along its entire length. West of it, plaintiff Jenkyns owns a tract, and immediately to the north, defendant Smith owns a tract, the two parcels being adjacent thereto for the whole length. Both of the plaintiffs assert the right to use this narrow strip of land as a right-of-way for access to their premises. Defendant Smith and his codefendant were about to build a fence around it, which would prevent plaintiffs from using the same. This action was brought to restrain defendants from building the fence. At the trial, there was a judgment for plaintiffs against both defendants, in accordance with the prayer of the complaint, to review which defendant Smith sued out this writ of error.

Smith's codefendant did not join, and is not a party here. The record before us does not show what his defense was, except by inference from Smith's answer and the evidence preserved in the bill. In Smith's separate answer he does not claim any interest whatever in this strip of land, either as owner of the fee or of a right-of-way. On the contrary, he expressly says that his codefendant is the owner in

fee thereof, free and unincumbered by any easement or other burdens of any kind whatsoever. He further says that he was employed by his codefendant and by him directed to construct a fence surrounding it. Both by Smith's answer and the evidence, it conclusively appears that the only connection he has with this controversy is as agent or employee of his codefendant, who ordered him to build the fence. Since the decree adjudicated that plaintiffs have a right-of-way over this strip of land, and that Smith's codefendant is not the fee owner and has no right to fence it, and may not prevent plaintiffs using it as a right-of-way, it necessarily follows that if the employer chooses to abide by the judgment, his employee can not be allowed to prosecute this writ to review it. Indeed, Smith's counsel, in their briefs, say: "The court did not find that Smith had no right to this land. In fact, the rights of Smith therein were not in controversy and are undetermined." This statement is borne out by the record. The court did not adjudge that Smith did, or did not, have a right-of-way over this land. No such issue was presented by the pleadings, and there was no evidence whatever upon that point, all the evidence being directed to the conflicting rights of Smith's codefendant and these plaintiffs. To entitle a party to review a judgment either by appeal or writ of error, he must be aggrieved thereby.—2 Cyc. 630-31. As Smith's codefendant apparently has acquiesced in the judgment below, at least he is not here complaining of it, it cannot be reviewed at the instance of Smith. But it is said that Smith is aggrieved by the judgment because he was employed, by contract or otherwise, by his codefendant to build a fence around the strip of land, and may, therefore, protect his contract rights. We do not perceive the force of the argument. If this action and the judgment ren-

dered therein which Smith seeks to review has prevented him from enjoying the fruits of his contract with his codefendant, he must look to the latter and not to plaintiffs for compensation for any loss that may result from a breach.

It being so clear that Smith is not aggrieved by the judgment, and therefore cannot have it reviewed, we are relieved of the necessity of passing upon the only controversy which was decided at the trial, and that is the one between the plaintiffs and Smith's codefendant, in which Smith has no interest whatever. The writ of error is therefore dismissed.

*Writ dismissed.*

CHIEF JUSTICE STEELE and MR. JUSTICE WHITE concur.