AMERICAN PETROLEUM EXCHANGE, APPELLANT, V. PUBLIC SERVICE COMMISSION OF THE STATE OF MISSOURI, RESPONDENT.—176 S. W. (2d) 533.

Kansas City Court of Appeals. December 6, 1943.

Arthur U. Simmons and Edwin Rader for appellant.

John P. Randolph, General Counsel, and Lester G. Seacat, Assistant Counsel, for Public Service Commission.

Raymond C. Barnett, General Counsel, for State Highway Commission.

Louis V. Stigall and Ralph Eubanks for respondent.

BLAND, J.—This is an appeal by the American Petroleum Exchange from the judgment of the Circuit Court affirming an award of the Public Service Commission on *certiorari*.

The facts show that in January, 1931, upon the application of the State Highway Commission, it was permitted, by the Public Service Commission, to construct a grade crossing on Highway No. 66 at its intersection with. the Missouri Pacific railroad tracks at a station in St. Louis County, on condition that automatic light signals be installed and maintained. After the crossing was established a large sign, a filling station, pumps, gasoline tanks, and other structures were erected upon the right-of-way of the railroad at the intersection, among which was a filling station now owned by the appellant, the American Petroleum Exchange. These structures, save the large sign, were erected by persons, and corporations, under and by virtue of leases granted to them by the Missouri Pacific Railroad Company. The lease of the appellant is dated July 15, 1938, and provides that it might be terminated by the lessor by serving thirty days' written notice of such intention; that the lease is "subject to such orders and regulations of each and every department or bureau of any State, Federal or Municipal Government as may be applicable from time to time."

In September, 1938, the State Highway Commission· filed a motion to modify the order of the Public Service Commission and, on the theory that the appellant was an interested party, notice was given it, among others, of the hearing of the motion. At the conclusion of the hearing the Commission ordered the railroad company to "remove or have removed all buildings, pumps, lights, signs, tanks, or

other obstructions which in any way restrict or obstruct sight distances at this crossing between the limits of the railroad right-of-way lines for a distance of two hundred feet in each direction from the center line of the highway and to keep said area clear from all obstructions henceforth'', and (2) that the State Highway Commission prohibit parking on the shoulders of its highway within 200 feet of the crossing. This order is directed to the removal of appellant's filling station, among other structures.

The appellant, alone, filed a motion for a rehearing, which the Commission overruled. Afterwards, at the instance of appellant, a writ of *certiorari* was issued out of the Circuit Court and, upon a hearing, that court affirmed the order of the Commission. The American Petroleum Exchange appealed to the Supreme Court (see American Petroleum Exchange v. Public Service Commission, 172 S. W. (2d) 952), on the theory that a constitutional question was involved, alleging that the order of the Public Service Commission violated the constitutional provision of this State, providing ''that property shall not be taken or damaged for public use without just compensation.'' [See Art. II, Sec. 21, Mo. Constitution.]

The Supreme Court held that no constitutional question was involved and transferred the case here. In the course of the opinion the court said, l. c. 955, 956:

''It is noted, however, that the Commission did not order the American Petroleum Exchange to do anything. The modified order directs the railroad to remove or have removed all buildings, pumps, lights and other obstructions which obstruct sight distances at the crossing. It directs the State Highway Commission to prohibit parking on the shoulder of its highway for certain distances. But the order is not addressed to the appellant and does not command it to do anything—nor could it, because the appellant is a private corporation.

.  .  .  .  .  .  .

''The American Petroleum Exchange is a private corporation and the Public Service Commission did not have and could not exercise any jurisdiction over it.

.  .  .  .  .  .  .

''*The Public Service Commission did not have the power to make any orders affecting the American Petroleum Exchange and did not attempt to exercise any such authority.*'' (Italics ours.)

The Public Service Commission has filed a motion to dismiss the appeal on the ground that appellant is not aggrieved by the judgment of the Circuit Court. Of course, appellant must have been aggrieved by such judgment in order to give it a right to an appeal. [Section 1184, R. S. Mo. 1939. See, also, section 5693, R. S. Mo. 1939.]

In order for a party to be aggrieved his substantial interest must be directly affected. The judgment must act directly on his rights and they must not merely be collaterally or incidentally involved.

"The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question." [3 C. J., p. 625.] [See, also, 3 C. J., pp. 632, 633, 651; 4 C. J. S., pp. 349, 356, 380; State ex rel. Fischer v. Vories, 62 S. W. (2d) 457, 458, 459; McMurray v. Bank, 74 Mo. App. 394; Smith v. Hagan, 45 Colo. 408; In Re Muskogee Gas & Elec. Co. (Okla.), 201 Pac. 358; Stearns-Rogers Mfg. Co. v. Brown, 111 Fed. 939; Brown v. Frenken (Ark.), 112 S. W. 207.]

A party is not aggrieved by a judgment unless it affects directly some pecuniary or property right or interest of his, "nor does the right of an appeal exist in favor of a party aggrieved or offended by the mere disclosure of facts brought about by the carrying out of an order or decree of court that ultimately may result disastrously to the party. [The State ex rel. The People's Railway Company, v. Talty, 139 Mo. 379, 391.]

In Brown v. Frenken, supra, l. c. 207, 208, the court said, quoting from a Massachusetts case: "A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree". [See, also, 3 C. J., p. 634.]

It is difficult to see how appellant can be said to be aggrieved, if it be true, as held by the Supreme Court, that it has not been ordered to do anything, the order not being even addressed to it and, where the Commission did not attempt to exercise any authority over it.

We are of the opinion that appellant has not been "aggrieved" by the order, within the meaning of the statute.

The appeal is, accordingly, dismissed. All concur.