The HERTZ CORPORATION et al.,
Appellants (Plaintiffs),

v.

The STATE TAX COMMISSION of Missouri, ST. LOUIS COUNTY, Missouri, et al., Respondents (Defendants).

Nos. 58694, 58695, 58696, 58714, 58733, 58734, 58735, 58740, 58742, 58743, 58795, 58813 and 58730.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1975.

Rehearing Denied Oct. 13, 1975.

James Crowe, St. Louis, for appellant, The Hertz Corp.

Harold E. Goldberg, St. Louis, for appellants, Henry Binsbacher and Handley Products Co.

John T. Murphy, Murphy & Schlaprizzi, St. Louis, for appellants, Premier Service Corp. and Auto Rental Inc.

Jack L. Koehr, City Counselor, James J. Wilson, Associate City Counselor, St. Louis, for appellant, City of St. Louis.

Thomas C. Walsh, Franklin F. Wallis, Michael B. McKinnis, St. Louis, for appellant, Avis Rent–A–Car System, Inc.; Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

John C. Danforth, Atty. Gen., Walter Nowotny, Asst. Atty. Gen., Jefferson City, Thomas W. Wehrle, St. Louis County Counselor, Clayton, Boyle, Priest, Elliott & Weakley, Howard Elliott, Edward D. Weakley, St. Louis, for respondent, Berkeley School District.

HOLMAN, Judge.

This proceeding involves thirteen appeals by or on behalf of nine concessionaires who are tenants occupying space at Lambert-St. Louis Municipal Airport. The six tenants named as appellants in the caption filed separate appeals. The City of St. Louis filed separate notices of appeal in its own name in behalf of four of those tenants and three others, i. e., Red Arrow Corporation, Airborne Freight Corporation and Air Cargo Terminals, Inc. The appeals were or-

dered consolidated by this court. The appellants seek a review of real estate assessments for the year 1968 by the St. Louis County Assessor as affirmed by the County Board of Equalization, the State Tax Commission and the St. Louis County Circuit Court. The controversy in these cases relates to the method of valuation and assessment in regard to "leasehold interests" or "possessory interests" of portions of the airport occupied by the concessionaires here involved. The airport is located in St. Louis County and owned and operated by the City of St. Louis. For reasons hereinafter appearing the City has opposed these assessments against its lessees. We have appellate jurisdiction because construction of the revenue laws of this state is involved. Art. V, Section 3, Mo.Const.

This is a companion case to *Frontier Airlines, Inc. et al. v. State Tax Commission of Missouri et al.*, Mo., 528 S.W.2d 943, decided concurrently herewith. The evidence in each case was substantially the same and the basic issue is identical. Therefore, for reasons stated in *Frontier* we hold that the method or formula used by the Assessor in these cases is an improper method of valuation unauthorized by law and that its approval by the State Tax Commission was arbitrary and unreasonable.

There is, however, an additional point raised in these cases not raised in *Frontier* which we have concluded must be decided. This involves the question as to whether the City of St. Louis is a proper party in these proceedings and an "aggrieved party" within the meaning of Section 536.100 V.A.M.S.

At the beginning of the hearing before the Commission the respondents moved to strike the City as a party because no assessment had been levied against it and it was therefore not a proper party or aggrieved party. The motion was taken with the case and sustained at the conclusion of the proceedings. The circuit court held that there was no statutory authority for the City's petition for review on behalf of certain of its tenants (which amounted to a vicarious appeal) and denied relief.

■ The City says it had a right to appeal from the board of equalization to the Commission because Section 138.430(2) V.A. M.S. gives that right to "Every owner of real property." We do not agree. We think it must be implicit in that section that the property owner must have been aggrieved by the valuation fixed by the board of equalization. Here, no tax was assessed against the City and we must therefore decide whether there was any other basis for concluding that it was aggrieved.

A rather convincing argument is made by the City to the effect that it has an interest in this controversy. It points out that the assessments will create a lien on the leaseholds; that there is no personal liability for payment of real estate taxes; that if the taxes are not paid the county will likely try to sell the leaseholds; that such would create many legal problems and might result in it having some undesirable tenants. The City also suggests that if the assessments are upheld and the taxes are paid by the tenants that such will increase the tenants' cost of doing business and decrease the amount of rent the City would be able to obtain in future lease agreements.

■ The general rule is that a party is aggrieved when the judgment operates prejudicially and directly upon his personal or property rights or interests and that such must be immediate and not merely a possible remote consequence. See 4 C.J.S. Appeal & Error § 183, p. 559, et seq. The Missouri cases are in accord with that rule. See, *Schumacher v. Schumacher*, 223 S.W.2d 841[12] (Mo.App.1949), *Feeler v. Reorganized School District No. 4*, 290 S.W.2d 102 (Mo.1956) and *In Re Estate of Soengen*, 412 S.W.2d 533 (Mo.App.1967).

■ We have concluded that although the City has an interest in this controversy that the judgments do not *directly* and *immediately* affect its property interests, no taxes having been assessed against same, and hence it is not an aggrieved party within the meaning of Section 536.100 V.A.M.S. We have found no cases directly in point.

Our view is supported, however, by the case of *American Petroleum Exchange v. Public Service Commission,* 238 Mo.App. 92, 176 S.W.2d 533 (1943) although we recognize that that decision was somewhat restricted in the later case of *Dubinsky Brothers, Inc. v. Industrial Comm'n of Mo.,* 373 S.W.2d 9 (Mo.1963). By analogy, the case of *State ex rel. St. Francois C.S.D.R.–III v. Lalumondier,* 518 S.W.2d 638 (Mo.1975) would appear applicable. Therein, we held that a school district (which undoubtedly had a financial interest) could not obtain a review of an alleged underassessment of the property of an extensive landowner by the assessor and county board of equalization.

As indicated by the foregoing, in the cases in which the City of St. Louis appealed the appeals are dismissed. In the cases in which the tenants appealed the judgments are reversed and the causes are remanded to the trial court with directions that it reverse its judgments of affirmance and remand the cases to the State Tax Commission for further proceedings not inconsistent with this opinion and the opinion in *Frontier,* supra.

BARDGETT, HENLEY and DONNELLY, JJ., concur.

FINCH, J., concurs in part and dissents in part in separate concurring and dissenting opinion filed.

SEILER, C. J., concurs in separate concurring and dissenting opinion of FINCH, J.

MORGAN, J., dissents in separate dissenting opinion filed.

FINCH, Judge (concurring in part and dissenting in part).

I concur in that portion of the principal opinion which dismisses the appeals taken by the City of St. Louis. However, I dissent from the remainder of the opinion for the reasons expressed in the case of *Frontier Airlines, Inc. et al. v. State Tax Commission of Missouri et al.,* 528 S.W.2d 943 (Mo. banc 1975), decided concurrently with

this case. I recognize that the character of the appellants and the premises they occupy differ somewhat from that of the airline companies in *Frontier Airlines,* but we still deal with a unique or special purpose facility and I do not believe that we should hold that the bonus method, based on a willing but unobligated seller and a willing but unobligated buyer, is the only permissible method of valuing possessory interests in such property.

MORGAN, Judge (dissenting).

I dissent for the reasons expressed in *Frontier Airlines, Inc. et al. v. State Tax Commission of Missouri et al.,* 528 S.W.2d 943 (Mo. banc 1975), decided concurrently with this case.