Charles M. CONRAD and Agnes M. Conrad, Plaintiffs,

v.

Simeon B. HERNDON, Jr. and Anna M. Herndon, Defendants and Third-Party Plaintiffs-Respondents,

v.

Eugene WRIGHT and Bill Roberts, Third-Party Defendants-Appellants.

No. KCD 29350.

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Feldhausen & Eskridge, Eugene J. Feldhausen, M. Randall Vanet, Kansas City, for third-party defendants-appellants.

Law Offices of S. Preston Williams, David Lee Wells, S. Preston Williams, Thomas E. Barzee, Jr., North Kansas City, for defendants and third-party plaintiffs-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

PER CURIAM.

Although this case initially involved a multiplicity of parties and a complex mosaic of claims, they· have been partially winnowed by a summary judgment which has become the focal point of the case on appeal. It all began as follows: Plaintiffs Charles and Agnes Conrad, as buyers, brought suit for specific performance of a real estate contract, and for actual and punitive damages, against defendants Simeon and Anna Herndon, as sellers; defendants Simeon and Anna Herndon, as third-party plaintiffs, filed a third-party petition for "breach of fiduciary responsibility" against third-party defendants Eugene Wright and Bill Roberts, as "real estate brokers"; third-party defendants Eugene Wright and Bill Roberts, as "real estate brokers", filed a counterclaim for "a real estate commission earned" against defendants and third-party plaintiffs Simeon and Anna Herndon, the sellers.

Plaintiffs Charles and Agnes Conrad filed a motion for summary judgment against defendants and third-party plaintiffs Simeon and Anna Herndon regarding all cause of action asserted by the former against the latter, and defendants and third-party plaintiffs Simeon and Anna Herndon filed a motion for summary judgment in their favor and against plaintiffs Charles and Agnes Conrad regarding all causes of actions asserted by the latter. The trial court sustained the motion for summary judgment filed by defendants and third-party plaintiffs Simeon and Anna Herndon, overruled the motion for summary judgment filed by plaintiffs Charles and Agnes Conrad, declared the real estate contract in question "null and void" because it was "indefinite, uncertain and incomplete" in certain essential respects, and entered judgment in favor of defendants Simeon and Anna Herndon and against plaintiffs Charles and Agnes Conrad regarding all causes of action asserted by the latter against the former. The trial court did not designate the summary judgment a final judgment for purposes of appeal. The third-party claim asserted by defendants and third-party plaintiffs Simeon and Anna Herndon against third-party defendants Eugene Wright and Bill Roberts, and the counterclaim asserted by third-party defendants Eugene Wright and Bill Roberts against defendants and third-party plaintiffs Simeon and Anna Herndon, have never been adjudicated or disposed of by the trial court and are still pending.

■ Third-party defendants Eugene Wright and Bill Roberts are the only parties who appealed from the summary judgment entered in favor of defendants and third-party plaintiffs Simeon and Anna Herndon and against plaintiffs Charles and Agnes Conrad. As previously noted, defendants and third-party plaintiffs Simeon and Anna Herndon's third-party claim and third-party defendants Eugene Wright and Bill Roberts' counterclaim are still pending in the trial court. This fortuitous set of circumstances raises several grave procedural questions. Was the summary judgment entered by the trial court a final judgment for purposes of appeal and, if so, were third-party defendants Eugene Wright and Bill Roberts "aggrieved" parties within the meaning of Sec. 512.020, RSMo 1969? It is the initial duty of this court to inquire into and determine its jurisdiction sua sponte, and if this court lacks jurisdiction to entertain the instant appeal it should be dismissed. *Citizens Ins. Co. of N.J. v. Kansas City, etc.*, 543 S.W.2d 532, 534 (Mo.App.1976); and *Godsy v. Godsy*, 521 S.W.2d 449, 450 (Mo.App.1975), cert. denied, 423 U.S. 887, 96 S.Ct. 181, 46 L.Ed.2d 119 (1975).

Rule 81.06 immediately comes to the forefront. It reads, insofar as here pertinent, as follows: "When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.-020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. . . . ." This portion of Rule 81.06 was broadly construed in *Schumacher v. Sheahan Investment Company*, 424 S.W.2d 84, 86 (Mo.App.1968), as follows: "[W]hen a separate trial is had in a non-jury case the decision of whether the resulting judgment is or is not final for purposes of appeal turns on the nature of the tried and untried claims. If those tried arose out of the same transactions, occurrences or subject matter as those not tried the judgment is not an appealable, final judgment unless specifically so designated by the court. But if the claims tried are unrelated to those not tried the judgment is deemed a final one for the purpose of appeal unless otherwise designated. . . . ." The board construction given Rule 81.06, supra, would appear to facilitate its application in every conceivable situation. However, *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 3 (Mo.App.1975), came along and emphasized an additional dimension for determining what constitutes a "final judgment for purposes of appeal" within the purview of Rule 81.06, supra. As held in *Crenshaw*, not only must tried and untried claims in a non-jury case arise out of the "same transactions, occurrences, or subject matter" in order for a judgment entered on a tried claim to fall within Rule 81.06's proscription that such a judgment "shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri", but, additionally, the untried claims must be "dependent" in some respect upon the outcome or final disposition of the tried claims. *Crenshaw* emphasizes the reverse meaning and effect of certain succeeding language in Rule 81.06—to preclude the finality of a judgment entered on a tried claim for purposes of appeal any pending untried claims *must not* be "separate and independent" from and "unrelated" to the tried claim.

■ Unfortunately, the record on appeal does not contain copies of or set forth defendants and third-party plaintiffs' third-party petition for "breach of fiduciary responsibility", or third-party defendants'

counterclaim for "a real estate commission earned". Seldom has a court had so little to go on by way of a record to determine whether it has jurisdiction to entertain an appeal. Notwithstanding the record's anemic status however, enough appears from which one can fairly surmise that the claims respectively asserted in the third-party petition and counterclaim arose out of the "same transactions, occurrences or subject matter" as did the causes of action disposed of by the summary judgment which was entered. Moreover, the fact that third-party defendants are the only parties who appealed from the summary judgment strongly suggests that they believe that the untried claims respectively asserted in the third-party petition and the counterclaim are "dependent" in some respect on the outcome or final disposition of the causes of action disposed of by way of the summary judgment. If the untried claims are not "dependent" in some respect on the outcome or final disposition of the causes of action disposed of by the summary judgment, then it is difficult, if not impossible, to perceive how third-party defendants Eugene Wright and Bill Roberts can be deemed "aggrieved" parties within the contemplation of Sec. 512.020, supra, so as to thereby be invested, generally speaking, with the right to appeal.[1] This conclusion draws validity when measured by the principle that a party is not "aggrieved" by a judgment unless it directly affects some pecuniary or property right or interest which he possesses. *State ex rel. People's Railway Company v. Talty*, 139 Mo. 379, 40 S.W. 942, 944–45 (1897); and *American Petroleum Exchange v. Public Service Com'n*, 238 Mo.App. 92, 176 S.W.2d 533, 535 (1943).

One does not have to surmise, infer or fantasize to realize that certain alternative conclusions hereinafter hypothesized are of material assistance in providing a proper dispositional basis for this appeal. One, if the untried claims respectively asserted in the third-party petition and counterclaim are "dependent" in some respects upon the outcome or final disposition of the causes of action disposed of by way of the summary judgment, the summary judgment would not appear to be a final judgment for purposes of appeal within the meaning of Rule 81.06, supra. Two, if the untried claims are not "dependent" in some respect upon the outcome or final disposition of the causes of action adjudicated by the summary judgment, third party defendants Eugene Wright and Bill Roberts would not appear to be "aggrieved" parties within the contemplation of Sec. 512.020, supra. These alternative conclusions may be validly drawn without formally deciding (1) whether the third-party petition and counterclaim still pending, i. e. "untried" claims, are or are not "dependent" in any respect upon the outcome or final disposition of the causes of action, i. e. "tried" claims, which were disposed of by way of the summary judgment, or (2) whether third-party defendants Eugene Wright and Bill Roberts are "aggrieved" parties insofar as the summary judgment is concerned.

A unique status attaches to this appeal by reason of the alternative conclusions drawn, and one which suggests and permits a somewhat unorthodox disposition of third-party defendants' appeal, namely dismissal, without the necessity of formally deciding at this time which alternative conclusion may ultimately be valid. If the summary judgment lacks finality for purposes of appeal within the contemplation of Rule 81.06, supra, then third-party defendants' present appeal therefrom is premature and subject to being dismissed. On the other hand, if third-party defendants Eugene Wright and Bill Roberts are not "aggrieved" parties within the contemplation of Sec. 512.020, supra, they lack standing to appeal from the summary judgment and their present appeal should be dismissed. Either way, it

---

1. See *Listerman v. Day and Night Plumbing & Heating Serv.*, 384 S.W.2d 111 (Mo.App.1964), as authority for the proposition that a third-party defendant, although not a party to a judgment entered in a cause of action between a plaintiff and a defendant and third-party plaintiff, may nevertheless, under certain circumstances, be an "aggrieved party" for purposes of appeal with respect to such judgment.

is impossible to perceive how third-party defendants Eugene Wright and Bill Roberts can be adversely affected by presently dismissing this appeal.

After careful consideration, this court, however unorthodox doing so may appear at first blush, dismisses the appeal of third-party defendants Eugene Wright and Bill Roberts.

Appeal dismissed.