Harold HARRIS, et al.,
Plaintiffs-Respondents,

v.

UNION ELECTRIC COMPANY, et al.,
Defendants-Appellants.

No. 46484.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Bryan, Cave, McPheeters & McRoberts, Thomas S. McPheeters, Jr., David S. Slavkin, Schlafly, Griesedieck, Ferrell & Toft, Francis X. Duda, St. Louis, for defendants-appellants.

Campbell & Radloff, David L. Campbell, Haley, Fredrickson, Walsh & Herndon, Edward W. Fredrickson, St. Louis, for plaintiffs-respondents.

KELLY, Presiding Judge.

Union Electric Company and Centerre Trust Company have appealed from an order awarding $719,937.39 in attorneys' fees and expenses to petitioners, David L. Campbell and Edward L. Frederickson, attorneys for plaintiffs, and Union Electric Company has appealed from the denial of its Application for Reasonable Attorneys' Fees and Expenses in an amount of $271,554.77. We hold that the trial court's order concerning both parties' application for attorneys fees and expenses is not an appealable order and dismiss the appeals as premature.

This case arises out of an attempt by Union Electric Company in 1978 to redeem its First Mortgage Bonds, 10½ Series due March 1, 2005 (Series 2005 Bonds), at a special redemption price. Plaintiffs-Respondents Harold Harris, Continental Casualty Company and National Fire Insurance Company of Hartford, individually and on behalf of all holders of the bonds, instituted this action seeking declaratory and injunctive relief and damages.[1] After suit was filed, Union Electric announced its intention to cancel the redemption plans stating that the redemption had been blocked by the filing of the lawsuit.

Respondents' initial petition contained eleven counts. Counts I, II and IV were consolidated and severed by the trial court for consideration solely of the rights of the parties under the applicable indentures at a separate trial. Thereafter the trial court granted respondents' motion for summary judgment and denied Union Electric's motion for partial summary judgment. On appeal this court reversed the trial court's action, remanded the cause to the trial court with directions and held that the trial court erred in granting summary judgment and that, as a matter of law, Union Electric's motion for partial summary judgment should have been sustained. *Harris v. Union Electric Company, et al.,* 622 S.W.2d 239 (Mo.App.1981).

On remand the trial court entered its order effecting the directions of this court. On January 28, 1982, respondents filed a Second Amended Petition in four counts. Count I is a claim for declaratory and equitable relief against Union Electric and Centerre Trust based on several theories; estoppel, mutual mistake and reformation, and various federal securities laws. Counts II, III and IV seek damages against Union Electric and the underwriters based upon alleged violations of the federal securities laws (Count II), common law fraud (Count III), and common law breach of warranty (Count IV). Each of these claims relates to the alleged inadequacy of Union Electric's prospectus and registration statement disclosure. All defendants, Union Electric, Centerre Bank and the underwriters filed separate motions to dismiss on various grounds, although one common ground alleged by all defendants is failure to state a claim.

While these motions were still pending, Union Electric, on March 22, 1982, filed a Second Motion to Dismiss Plaintiffs' Application for Fees and Expenses.[2] This mo-

---

**1.** Defendants at the trial level were Union Electric Co., Centerre Trust Company (formerly St. Louis Union Trust Co.), and a group of underwriters, Merril, Lynch, Pierce, Fenner & Smith, Inc.; Bache, Halsey, Stuart, Shields, Inc.; White Weld, Inc.; and Lehman Brothers, Kuhn, &

Loeb, Inc. Union Electric Company appealed in our case No. 46484, and Centerre Trust appealed in our case No. 46525. Both cases have been consolidated by this court in No. 46484.

**2.** On January 9, 1980, after the trial court had granted summary judgment for plaintiffs which

tion was summarily denied on April 13, 1982. During this interim Union Electric had submitted an application for Attorney's Fees and Costs on April 2, 1982. In this application Union Electric claimed that its redemption and refund attempt was "frustrated and terminated by the institution of (plaintiffs') suit," and that as a consequence it had incurred interest costs of $570,000 annually in the years 1978–1982, attorneys' fees, and expenses totalling $3,325,000. Union Electric relied upon Section 12 of Article IX of the Composite Indenture.[3] Union Electric alleged that plaintiffs' claim had been found to be without merit, as this court's opinion in *Harris*, supra, so held, and that said claims were made in bad faith, and therefore it was entitled to attorneys' fees and costs.

On May 14, 1982, petitioners-respondents filed an Amended Application for Fees and Expenses seeking $1,500,000 in attorneys' fees, wherein it alleged in pertinent part:

> But for the aforesaid services performed by petitioner and his employees and petitioner's co-counsel, the plaintiffs and the Class members would have suffered the premature redemption of the Series 2005 Bonds at par, in that the defendant Union Electric Company's plans to redeem the Series 2005 Bonds and to replace the bonds with 9.35% refunding issue dated July 1, 1978, were cancelled by said defendants solely because of the services performed by the petitioner and the action taken by him in representing the interests of the plaintiffs and Class members.

Petitioners sought recovery against Union Electric, or, in the alternative, the imposi-tion of an attorneys' lien on future bond interest payments to the bondholders.

Union Electric then filed a Motion to Strike, to Compel Notice and for a Continuance wherein it claimed that the petitioners' claim for fees was of dubious merit particularly in view of this court's decision in *Harris*, supra, that the Series 2005 Bonds were redeemable. Union Electric further requested the trial court to give notice to the Class members inasmuch as their own attorneys sought to recover fees against the members of the Class. Centerre also filed a Motion to Strike.

On May 25, 1982, the trial court sustained Centerre's Motion to Strike petitioners' Application for Attorneys' Fees as to the bondholders only, without prejudice, and with leave to refile.

A three day evidentiary hearing was held and the trial court considered the separate application for fees and expenses of both petitioners and Union Electric.

At this time the case was in the following procedural posture. The trial court's summary judgment in favor of plaintiffs on their contract claim was reversed by this court on appeal and partial summary judgment holding the bonds redeemable was entered for Union Electric on the contract issue. Shortly thereafter plaintiffs filed their Second Amended Petition mentioned hereinabove wherein they sought recovery under various theories. Appellants contested each of these theories of recovery.

It was petitioners' theory during the hearing on their Application for Attorneys Fees that they were entitled to such fees because, (1) the indentures so provided, and

this court subsequently reversed, plaintiffs filed their first Application for Attorney's Fees and Expenses. Defendants Union Electric and Centerre both filed motions to dismiss plaintiffs' application. The trial court sustained Centerre's motion to strike that portion of plaintiffs' application which sought to impress an attorney's lien on future bond interest payments without prejudice; the trial court also overruled Union Electric's motion to dismiss plaintiffs' application for fees.

3. "... the parties to this indenture and the Bondholders agree that the court may in its

discretion require, in any suit for the enforcement of any right or remedy under this Indenture, or in any suit against the Trustee for any action taken or omitted by it as Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, and that such court may in its discretion assess reasonable costs, including reasonable attorney's fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant ..."

(2) they preserved a benefit for the Bondholders since the practical effect of their lawsuit was to prevent Union Electric from implementing their proposed redemption, despite the facts that they did not recover any tangible funds for the plaintiffs and this court has specifically held that Union Electric has the contract right to redeem the bonds as it intended.

At the outset of the hearing Union Electric, as noted above, moved for a continuance of the hearing on the grounds that the matter of attorneys' fees was untimely because unresolved issues remained in the case and also because plaintiffs' claims had been partially defeated. This motion was denied, and the application proceeded to the hearing mentioned hereinbefore after which the order granting petitioners' attorneys' fees and expenses was entered. The trial court, in its order, designated the order a final and "appealable Order, Judgment and Decree."

■ The parties to this appeal have not raised the question whether the order appealed from is an appealable order; nevertheless, we have a duty to determine *ex mero motu* whether an appealable order has been rendered by the trial court. *Donnelly v. American Family Mutual Insurance Company*, 652 S.W.2d 744, 745[1] (Mo.App.1983). The right of appeal is statutory, *Moreland v. State Farm Fire and Casualty Company*, 620 S.W.2d 24, 25[1] (Mo.App.1981), and an appeal may be taken only from a final judgment, § 512.020 RSMo 1978. Finality of judgment is a jurisdictional prerequisite to our appellate jurisdiction. *Hagemann-Mullen Excavating Co., Inc. v. Fenlon, et al.*, 670 S.W.2d 584, 585[1] (Mo.App.1984). In general, for a judgment to be final it must dispose of all parties and issues in the case, id., p. 585[2].

We recognize that the trial court may in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and judicial economy, order a separate trial on any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue, or of any number of claims, cross-claims, counter-claims,

third-party claims or issues. Rule 66.02, RSMo 1978. Though the record does not indicate, presumably the trial court conducted the parties' fees applications hearing under this rule.

We also recognize that Rule 81.06 authorizes the trial court to designate a partial judgment final for purposes of appeal. Presumably the trial court utilized this rule in paragraph 19: "the foregoing provisions of this Memorandum, Order and Decree are hereby designated to be a final and appealable Order, Judgment and Decree."

■ It is clear from the record that this partial judgment for attorneys' fees does not dispose of all issues and all parties. In fact, the "partial judgment" was rendered in this case without any resolution of any of the substantive legal issues contained in plaintiffs' underlying claim. The trial court's order is presented for appellate review as a final judgment only because the trial court has so designated it. This designation is not conclusive. "Whether a judgment is final and appealable is not determined by the name applied but by the content, substance, and effect of the order entered." *Starnes v. Aetna Casualty and Surety Company*, 503 S.W.2d 129, 131[5] (Mo.App.1973); *Klippel v. Watkins*, 667 S.W.2d 28, 30[2] (Mo.App.1984).

■ The circumstances of each case control, but the general thrust of our Missouri cases is clear. The trial court may render a partial disposition a final judgment for appeal by designating it as such; however, the claims and parties separated and the result adjudged must constitute an independent unit which finally disposes of the claims and the parties within the unit. *Shell v. Shell*, 605 S.W.2d 185, 191[6] (Mo. App.1980) See also *Klippel v. Watkins*, supra at 30[4]. In the instant proceedings, the amount and even propriety of an award of attorneys fees to petitioners, does not constitute a 'judicial unit' which properly may be designated a final judgment for purposes of appeal. As indicated above, no substantive issues concerning the merits of

plaintiffs' claim have even been addressed at the trial level.

The record reveals that the order allowing attorneys' fees was in response to an Amended Application for Attorneys' Fees and Expenses for services rendered and expenses incurred on behalf of the plaintiffs up to and including the date of the filing of said Application on May 14, 1982, and other services to be performed prior to the trial court's ruling on said Application. It was not to include "any services performed or to be performed in connection with appeals, the appellate process or subsequent trials or hearings on the merits of plaintiff's cause of action." [4] It did not dispose of all issues and all parties and was not therefore a final appealable order. We so hold.

Under these circumstances, the trial court erred in severing the attorney's fees issue for separate trial and in designating his subsequent order on this issue as final and appealable. Were we to address the merits of appellants appeal at this time, we would be encouraging litigants to bring cases to the appellate courts of this state in a piecemeal fashion. *Orf v. Computer Institute, Inc.*, 480 S.W.2d 73, 75[1] (Mo.App. 1972). This we are not inclined to do.

The same holding is applicable to Union Electric's appeal from the order denying its application for attorneys fees, which too sought attorneys fees and expenses prior to the disposition of all parties and all issues in the case.

While the same holding we have reached would be dispositive of Centerre's appeal, there is a further reason why Centerre's appeal must be dismissed.

■ As we have stated earlier in this opinion, the right of appeal exists solely by statute. *Moreland,* supra. Section 512.-020 RSMo 1978 provides: "Any party to a suit aggrieved by a judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction ..." A party is "aggrieved" when the judgment operates prejudicially and directly on his personal or property rights or interest and such is an immediate and not merely a possible remote consequence. *Hertz Corporation v. State Tax Commission,* 528 S.W.2d 952, 954[2] (Mo. banc 1975).

■ Centerre claims that it is aggrieved because the trial court's construction of Article IX, Section 12 of the Composite Indenture in its award of attorneys' fees may be binding on it in the future. Such argument is an inadequate basis for standing. "[An] appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question." *American Petroleum Exchange v. Public Service Commission,* 238 Mo.App. 92, 176 S.W.2d 533, 534[2] (1943). It is apparent that any damage Centerre has suffered from the award of attorneys' fees is remote at best. The award was against Union Electric, not Centerre. Centerre was not a party to the application and is in no manner bound by the trial court's award. Further, the award of attorneys' fees was not only predicated upon the Indenture language but also upon the exercise of the general equitable power of the trial court. In short, Centerre has no interest in the subject matter of the application for attorneys' fees and therefore lacks standing to appeal. *Columbia Union National Bank and Trust Co. v. Bundschu,* 641 S.W.2d 864, 868, 872[2] (Mo.App.1982).

The propriety and amount of the award of attorneys' fees and expenses shall abide the final disposition of all issues as to all parties to this case and execution therein is hereby ordered stayed.

Appeals dismissed.

SNYDER and GAERTNER, JJ., concur.

---

4. Respondent's counsel at argument candidly admitted that if it became necessary to try the other counts of this petition further attorney's fees would be sought.