**Paul C. DANIELS and Iva J. Daniels, Respondents,**

**v.**

**A.B. RICHARDSON and Willa Richardson, Appellants.**

**No. WD 43042.**

Missouri Court of Appeals, Western District.

April 9, 1991.

Patrick E. Richardson, Green City, for appellants.

Clifford B. Mayberry, Kirksville, for respondents.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

KENNEDY, Judge.

Defendants A.B. Richardson and Willa Richardson appeal from a judgment which established a private road to plaintiffs' landlocked tract of land in Putnam County under the procedure of §§ 228.340–.480, RSMo 1986, and which, after a jury trial and in accordance with the jury verdict, fixed $2,500 damages payable by plaintiffs to defendants, upon whose land the road partially lay. The road, 25 feet in width, was located along an abandoned railroad right-of-way.[1]

Two of defendants' points on appeal are directed at alleged deficiencies in the commissioners' report. The report is criticized for incorrectly finding that defendants would not be required to remove a fence, and for failing to award damages for moving the fence. The report is further attacked for failing to award damages for erecting new fences, if necessary, and for failing to award to defendants damages for the taking of their land, and for failing to assess damages in favor of other persons than defendants upon whose land the road was located.

■ The issue of damages, payable to the Richardsons by the Danielses, however, was tried to a jury upon defendants' exceptions to the report, § 228.400, RSMo 1986. The jury trial and verdict with respect to damages mooted the report of the commissioners, and we are not concerned with any errors contained in the commissioners' report with respect to damages.

■ None of the landowners over whose land the roadway runs has appealed, other than defendants Richardson, and the Richardsons have no standing to complain that no damages were awarded to the other landowners by the commissioners' report. *Harris v. Union Elec. Co.*, 685 S.W.2d 607, 611 (Mo.App.1985); *Amos v. Altenthal*, 645 S.W.2d 220, 228 (Mo.App.1983). The fact is, the other landowners consented to the judgment and filed in the case a formal consent thereto.

■ Defendants next complain that the court allowed plaintiffs to amend their petition to request a 40–foot–wide road instead of a 20–foot–wide road as prayed in the original petition. The ground for defendants' complaint is that the landowners and defendants, other than defendants Richardson, did not have notice of the amendment and were not afforded an opportunity to respond to the amended petition. Cited by defendants is the proposition that: "If there is a substantial and material amendment, even a party in default is entitled to notice of the fact in the furtherance of justice." *Rubbelke v. Aebli*, 340 S.W.2d 747, 752 (Mo.1960). Those defendants, however, have not appealed, and the defendants Richardson have no standing to complain in their behalf. *Harris*, 685 S.W.2d at 611; *Altenthal*, 645 S.W.2d at 228. As noted above, all the defendants except defendants Richardson have consented to the judgment establishing the road at 25 feet in width, as reported by the commissioners.

■ Finally, defendants complain that the trial court did not strike the testimony of witness Bud Stottlemyre. The trial court had ruled that witnesses were to be excluded from the courtroom except when testifying. Witness Stottlemyre accompanied the judge, the parties and their counsel to the site of the road for a view of the same, then was called upon to testify. He did not know when he went to look at the lay of the land that the rule had been invoked. Plaintiffs' counsel did not know him at the time and did not recognize him

---

1. Earlier appeals of this case are reported at 762 S.W.2d 55 (Mo.App.1988) and 665 S.W.2d 76   (Mo.App.1984).

as a witness he had subpoenaed. The trial judge did not know why Stottlemyre was along with the group who went to view the roadway. Defendants did not object when Stottlemyre took the stand and began to testify, but only after plaintiffs had completed their direct examination and defendants commenced their cross-examination. At that point defendants asked that his testimony be stricken. The trial court struck part of the testimony (the part which he had gathered on his trip to view the road) and let the rest stand. The trial court was well within its discretion in denying the request to strike all of Stottle-myre's testimony. *See Stanford v. Morgan,* 588 S.W.2d 89, 93 (Mo.App.1979).

Plaintiffs have filed a motion for damages for frivolous appeal, Rule 84.19. The motion is overruled.

The judgment is affirmed.

All concur.