**James D. HILL, Appellant,**

v.

**The MISSOURI DENTAL BOARD and Missouri Administrative Hearing Commission, Respondents.**

**No. WD 38261.**

Missouri Court of Appeals,
Western District.

Jan. 20, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1987.

Application to Transfer Denied
April 14, 1987.

John D. Landwehr, Cook, Vetter & Doerhoff, Jefferson City, for appellant.

Brian P. Taylor, James E. Bowles, Thurman, Smith, Howald, Weber & Bowles, Hillsboro, for respondents.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Appellant James Hill appeals the trial court's judgment affirming an order of the Missouri Dental Board which suspended Hill's dentistry license for 90 days and placed him on probation for three years. Hill argues the order is against the weight of evidence and contrary to the law. This court affirms.

The Dental Board filed a five count petition against Hill in October, 1984. The petition alleged Hill had violated the provisions of probation earlier imposed on him by the Board in 1983. After a hearing on the five counts, the Dental Board dismissed Counts III and IV because they were not supported by substantial evidence. Count V was dismissed before the introduction of evidence and Count II, although upheld by the Board, was reversed by the Circuit Court. Count I is the only count to survive the judicial and administrative process and is the basis of this appeal. The facts adduced on Count I at the Board's hearing are as follows:

Kelly Collins, a prior patient of Hill's, came to Hill in 1984 for a routine dental examination and cleaning. During the examination, Hill cleaned, polished and checked Collins' teeth while calling out numbers to a dental assistant who then made marks upon a dental chart. Hill did not x-ray Collins' teeth. After completing the examination, Hill told Collins he had eleven teeth with cavities and multiple cavities in some of the teeth. Collins was upset with this diagnosis especially since Collins had not had a cavity in four years.

After leaving Hill's office, Collins drove to the office of another dentist, Dr. McNutt, to get a second opinion. Collins told McNutt of the diagnosis made by Hill. McNutt examined Collins' teeth and concluded Collins had no "carious lesions" which McNutt translated to mean cavities. Collins visited McNutt again several months later for another check-up. McNutt again found no cavities and no need for further treatment. A month later, Dr. Thomas Elliott examined Collins at the request of an investigator for the Dental Board. Elliott did not find any visable signs of decay or anything indicating Collins needed treatment. These facts were

adduced from the testimony of Collins, McNutt and Elliott. Hill also testified before the Board and denied telling Collins he had eleven cavities. The testimony of Hill's receptionist, Nancy Kieffer, corroborated Hill's testimony.

After considering this evidence, the Dental Board found Hill had advised Collins that eleven teeth had cavities whereas two other dentists advised Collins that no cavities were present. The Board concluded Hill had obtained or attempted to obtain a fee by deception or misrepresentation, had shown incompetency, misconduct and dishonesty in the practice of Dentistry, violated the provisions of § 332 RSMo Supp. 1984 relating to the practice of Dentistry and violated the professional trust imposed upon him by members of his profession. The Board placed Hill on probation for three years and suspended his Dentistry license for 90 days. The trial court reviewed the Board's actions and affirmed its decision.

On appeal, this court reviews the agency decision and not the decision of the trial court. *State ex rel. Hall v. Wolf,* 710 S.W.2d 302, 304 (Mo.App.1986). Appellate review is limited to a determination of whether the agency's decision is supported by competent and substantial evidence. *Pulitzer Pub. Co. v. Labor & Ind. Relations Comm.,* 596 S.W.2d 413, 417 (Mo. banc 1980). This court may not substitute its judgment for that of the agency but must only determine "whether the agency could have reasonably made its findings, and reached its result, upon consideration of all the evidence before it." *Citizens For Rural Preservation v. Robinett,* 648 S.W.2d 117, 124 (Mo.App.1982). If the findings and conclusions of the agency are contrary to the overwhelming weight of evidence, this court will reverse. *Pulitzer, supra.*

There was substantial evidence to support the Board's disciplinary action against Hill. The testimony of Collins, McNutt and Elliott support the Board's finding that Hill made the eleven cavity diagnosis. Although the testimony of Hill and Kieffer supports a contrary conclusion, this court is bound by the agency's findings when the evidence would warrant either of

two opposing conclusions. *Pulitzer, supra; Citizens for Rural Preservation, Inc. v. Robinett, supra.* Moreover, this court will not substitute its judgment of the evidence or credibility of the witnesses for that of the Board. *Cox v. Sayad,* 647 S.W.2d 884, 885 (Mo.App.1983). Hill's first point, that the Board's decision was against the overwhelming weight of evidence, is denied.

Hill's second point is that the Board incorrectly applied the law when it concluded Hill's conduct warranted discipline. Hill argues his eleven cavity diagnosis, contradicted by two other dentists, does not evince professional misconduct. Hill believes the opposing diagnoses merely show a difference of professional opinion. McNutt and Elliott's failure to specifically state Hill acted improperly is also fatal to the Board's case, according to Hill. These arguments are without merit. Diagnosing eleven cavities in a patient when two other dentists diagnose no cavities seems to this court to be clear misconduct. Moreover, McNutt's and Elliott's failure to recite that Hill was incompetent is irrelevant given the damning import of the radically different diagnoses. Hill's second point is denied.

The judgment is affirmed.

All concur.