Houston C. KER, Appellant,

v.

MISSOURI DENTAL BOARD, Respondent.

No. 15299.

Missouri Court of Appeals, Southern District, Division One.

June 6, 1988.

Dale R. Engelbrecht, Miller & Sanford, Springfield, for appellant.

Jean Paul Bradshaw, II, Neale, Newman, Bradshaw & Freeman, Springfield, for respondent.

HOLSTEIN, Judge.

Appellant Houston Ker, a dentist, appeals from a judgment of the Circuit Court of Greene County which affirmed the action of the Missouri Dental Board (the

"Board") suspending appellant's license to practice dentistry for an additional thirty days because he had violated a previous stipulation between appellant and the Board and a consent order of the Administrative Hearing Commission suspending appellant's license and certificate to practice dentistry for six months and placing him on probation for five years thereafter.

On appeal, claims are made that (1) the thirty day additional disciplinary action was not supported by competent and substantial evidence on the whole record, making the action arbitrary and capricious, and (2) the action is not authorized by law. We affirm.

By a stipulation entered into and filed September 10, 1984, before the Administrative Hearing Commission, appellant admitted that in 1980 and 1982 he had permitted his employees, who were not dentists, to engage in conduct which constitutes the practice of dentistry. Appellant also admitted to having improperly charged higher fees to Medicaid patients for the preparation of dentures paid for by the State than he charged to private patients. The stipulation provided that because of appellant's conduct, his license and certificate to practice dentistry would be suspended for six months and he would be placed on probation for five years thereafter. The stipulation stated:

During the period of suspension, [appellant] shall not practice dentistry as that term is defined in Section 332.071.

During the period of probation, [appellant] shall obey all of the provisions of Chapter 332 as they are or as they may be amended, governing the practice of dentistry in this state....

The stipulation further provided:

That if the Missouri Dental Board, in its sole discretion, determines upon a proper showing, that [appellant] has violated a term or condition of suspension or probation ... the Missouri Dental Board may elect to pursue any lawful remedies or procedures afforded to it and is not bound by this Waiver Of Hearing, Joint Stipulation And Request For Consent Order, in its selection of remedies concerning such violation.

It is specifically understood and agreed by the parties hereto that in the event the Missouri Dental Board proceeds under paragraph 6 herein, the Board shall not be bound by the type nor the duration of discipline specified in this document, but the Board shall have all the rights and powers granted to it by law with respect to disciplinary action to which [appellant] may be subject.

The Administrative Hearing Commission consented to the stipulated procedure, tersely stating, "It is so ordered this date." Appellant's suspension became effective September 10, 1984.

On October 21, October 28, November 4, and November 18, all in 1984, the advertisement shown in Appendix A was published in the Springfield newspapers. Appellant claims he was out of state on the publication dates and was "not aware" the advertisements appeared. Appellant freely admits he had entered into a contract for the advertisements prior to the commencement of the six month suspension period and took no steps to terminate or suspend the advertisements.

In March of 1985, the Board notified appellant that he had violated the terms of the consent order. The Board held a hearing on April 12, 1985, after which it determined that the terms of the consent order had been violated by appellant having practiced dentistry, as defined in § 332.071,[1] and having misrepresented the status of his license as prohibited by 4 C.S.R. 110–2.-160(3)(B) (1984). The Board imposed an additional thirty day suspension. That action was appealed to the circuit court. See § 536.100.

Appellant does not challenge the Board's authority to conduct the post-disciplinary action proceeding imposing the additional thirty day suspension. See *State Bd. of Registration for Healing Arts v. Masters,* 512 S.W.2d 150, 160–161 (Mo.App.1974); and 4 C.S.R. 110–2.161 (effective 8–26–85). Instead, he attacks the sufficiency of the evidence to support the finding that he violated the consent order by practicing dentistry and the Board's interpretation of 4 C.S.R. 110–2.160(3)(B) (1984).

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986.

On appeal, we review the agency decision, not the decision of the circuit court, and appellate review is limited to a determination whether the agency's decision is supported by competent and substantial evidence. *Hill v. Missouri Dental Board*, 726 S.W.2d 370, 372 (Mo.App.1987). Judicial review of an administrative factual determination is limited to whether the decision was supported by substantial and competent evidence, whether the decision was arbitrary, capricious, or unreasonable, and whether the agency action constituted abuse of its discretion and the evidence is to be viewed in a light most favorable to the agency decision. *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo. banc 1987). The substantial evidence test is not binding on appeal from an administrative determination of a question of law. *Central Bank of Clayton v. State Banking Bd. of Missouri*, 509 S.W.2d 175, 190 (Mo.App.1974).

Appellant candidly admits that one "practices dentistry" who:

Uses or permits to be used for his benefit or for the benefit of any other person or other entity the following titles or words in connection with his name: "Doctor", "Dentist", "Dr.", "D.D.S.", or "D.M.D.", or any other letters, titles, degrees or descriptive matter which directly or indirectly indicate or imply that he is willing or able to perform any type of dental service for any person or persons, or uses or permits the use of for his benefit or for the benefit of any other person or other entity any card, directory, poster, sign or any other means by which he indicates or implies or represents that he is willing or able to perform any type of dental services or operation for any person. § 332.071(10).

The primary thrust of appellant's argument here is that the evidence did not show any specific "benefit" resulting from the advertisement. From this, he argues that the evidence failed to establish he practiced dentistry.

We find no case specifically describing the type of benefit referred to in § 332.071(10). The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used,

to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401 (Mo. banc 1986). Here, the statute does not require that an actual benefit accrue from the use of titles or words implying one is willing or able to perform dental services; only that the titles or words be *for* the benefit of a person or entity. In this case it is obvious from the advertisement that its purpose was to benefit appellant's dental practice. The evidence was sufficient to justify a finding that the advertisement was for his benefit.

Appellant takes issue with the Board's finding that he violated 4 C.S.R. 110–2.160(3)(B) (1984), which prohibits a licensee under revocation or suspension from misrepresenting the status of his license to practice dentistry. In support of his argument that he has no legal obligation to take affirmative steps to cancel the advertisement, he cites 4 C.S.R. 110–2.160(4) (1984), which provides that one whose license is suspended for one year or more is required to notify patients of his suspension, remove any telephone listings identifying him as a dentist, and remove his name from signs, doors, stationery, or advertising material identifying him as licensed to practice dentistry. No similar specific requirements exist for one whose license is suspended for shorter periods. From the absence of regulation, appellant implies that he had no obligation to inform the newspaper to stop publishing the advertisement.

If, as appellant admits, 4 C.S.R. 110–2.160(3)(B) prohibits him from misrepresenting the status of his suspended license, it follows that he is also obliged to take affirmative steps to notify those with whom he has contracted to publish advertising in periodicals during the period of suspension to refrain from such conduct. The absence of a regulation specifically requiring a suspended licensee to notify advertisers to terminate publication does not, by implication or otherwise, authorize the appellant to permit others to do on his behalf what he is prohibited from doing under the regulation. The fact that appellant's failure to act was negligent rather than intentional in failing

to stop the advertisements may be a mitigating factor, but does not relieve him of responsibility for the timing and content of the publication.

Even if we accepted appellant's contention, which we do not, that the regulation places no affirmative duty on him to terminate the advertisement, the advertisement was for the benefit of appellant and indicated he was willing and able to perform dental services. For appellant to intentionally or negligently permit the publication was the practice of dentistry, as defined by the statute. The stipulation and consent order prohibited appellant from practicing dentistry during the period of suspension. The Board's imposition of additional sanctions upon appellant's failure to comply with the terms of the stipulation and consent order was justified, regardless of the correctness of the Board's interpretation of its regulation.

The order of the Board is affirmed.

GREENE, P.J., and FLANIGAN, J., concur.

CROW, C.J., recused.

APPENDIX A