**Eugene L. COOPER, R. PH., Appellant,**

v.

**MISSOURI STATE BOARD OF PHARMACY, Respondent.**

No. 55534.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 13, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Aug. 1, 1989.

J. Martin Hadican, P.C., Mary Elizabeth Ott, St. Louis, for appellant.

William L. Webster, Atty. Gen. Sherry L. Doctorian, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Appellant, Eugene L. Cooper, appeals from order of the Circuit Court of St. Louis County affirming the decision of the State Board of Pharmacy [Board] to suspend Cooper's license to practice as a pharmacist. The Board found Cooper violated § 338.055.2(5), (13) and (15) RSMo 1986. The Board ordered Cooper's license suspended for one year followed by probation for an additional five years. Cooper contends the decision of the Board was unsupported by substantive evidence. The circuit court found the Board's decision was supported by competent and substantial evidence and affirmed the order to suspend Cooper's license.

Cooper's sole claim of error is the Board's decision to suspend his license is unsupported by substantive and competent evidence, is arbitrary and capricious, represents an abuse of agency discretion and therefore deprives Cooper of due process. We find the agency's decision is supported by substantial and competent evidence.

Cooper is a licensed pharmacist in Missouri. He co-owned a pharmacy in Union, Missouri and is the sole owner of a pharmacy in House Springs, Missouri. Michael Kidd, an inspector for the Board, received a consumer complaint involving Cooper from the Food and Drug Administration in St. Louis. The complaint alleged a label on a packet of birth control pills purchased in one of Cooper's pharmacies had been painted over with silver paint. The paint hid an inscription which stated the pills were samples, not to be sold.

Kidd investigated the complaint. He submitted findings of his investigation to the Board. The Board thereafter filed a complaint with the Administrative Hearing Commission [Commission] pursuant to § 338.055.2 RSMo 1986 to determine whether Cooper was subject to disciplinary action. The Board made several charges against Cooper in the complaint, including the following:

(1) Cooper knowingly received and sold sample drugs which were in containers other than the original manufacturer's packaging; these drugs were misbranded in violation of 21 U.S.C. § 331; by selling these drugs Cooper violated § 195.020.1 RSMo Supp.1984, which made it unlawful to sell, distribute or dispense controlled substances except as authorized by Missouri law.

(2) Cooper purchased drugs which had the word "sample" engraved on each pill; the word "sample" was at some point scraped off the drugs; scraping away part of a drug constitutes adulteration and selling such drugs violates 21 U.S.C. § 331; by selling these drugs Cooper violated § 195.020.1 RSMo Supp.1984.

(3) Cooper purchased drugs in large quantities but billed Medicaid as if he purchased the drugs in smaller quantities at a higher price, thereby billing Medicaid at an inflated price; billing Medicaid at an inflated price was a violation of professional trust or confidence.

The complaint stated the above allegations subjected Cooper to disciplinary action pursuant to § 338.055.2 RSMo Supp.1984.

The Commission held a hearing on September 3, 1987. At the hearing, Kidd testified he went to Cooper's pharmacy and found sample packets of birth control pills on which the "not for sale" inscription had been painted over. He also stated he found pills that were not in their original manufacturer's containers, and pills that did not have a lot number or proper NDC inscription. Lot numbers and NDCs are code numbers included on packages of drugs for identification purposes. Kidd also testified the word "sample" had been scraped off several pills. Evidence was also introduced at the hearing that on March 13, 1987, Cooper entered a plea of guilty in Federal Court to violation of 18 U.S.C. § 1341 (1984). This statute pertains to mail fraud. Cooper admitted he used the Postal Service to submit fraudulent billings to Medicaid and overcharged Medicaid

for drugs he had purchased. Cooper purchased pills in large quantities, at a discounted price, but billed Medicaid as if he had purchased the pills in small quantities, at a higher price per pill.

A pharmacist is subject to discipline on several grounds. The relevant statutory provisions state:

2. The board [State Board of Pharmacy] may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any ... license required by this chapter ... for any one or any combination of the following causes:

\* \* \* \* \* \*

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by this chapter;

\* \* \* \* \* \*

(13) Violation of any professional trust or confidence;

\* \* \* \* \* \*

(15) Violation of the drug laws or rules and regulation of this state, any other state or the federal government.... Section 338.055.2 RSMo 1986.

The Commission found Cooper was subject to disciplinary action. It found Cooper had purchased, and held for sale, drugs in packages that did not contain lot numbers and which were not in original packages. The Commission concluded this constituted "misbranding" of drugs in violation of 21 U.S.C. §§ 331 and 352 (1972). It also found some of the drugs Cooper sold had been altered by scraping off the word "sample," and this alteration affected the strength and likely purity of the drugs, making the drugs "adulterated" in violation of 21 U.S.C. §§ 331 and 351 (1972). The Commission determined Cooper was subject to discipline for misconduct, misrepresentation, dishonesty, and violation of professional trust, in violation of § 338.055.2(5) and (13) RSMo 1986, for (a) selling mislabeled, misbranded, and adulterated drugs; and, (b) submitting fraudulent billings to the state Medicaid program. The Commis-

sion also concluded Cooper's submission of false Medicaid claims and the dispensing of misbranded, mislabeled and adulterated drugs constituted a violation of professional trust under § 338.055.2(13) RSMo 1986. Finally, the Commission concluded Cooper's actions also constituted a violation of § 338.055.2(15) RSMo 1986.

Thereafter, the Board conducted a hearing pursuant to § 621.110 RSMo 1986 to determine the appropriate discipline for Cooper. Cooper was present and represented by counsel. The Board received as part of the record the Statement of the Case, Findings of Fact, Conclusions of Law and Decision issued by the Commission following its hearing. Cooper testified on his behalf. Following the hearing, the Board ordered Cooper's license be suspended for one year followed by probation for an additional five years. Cooper appealed the decision to the circuit court. The circuit court found the decision of the Board was supported by competent and substantial evidence and affirmed the decision of the Board.

We review the decision of the Board under the standard of review set forth in *Ker v. Missouri Dental Board,* 752 S.W.2d 69, 71 (Mo.App.1988). *See also, Dunning v. Board of Pharmacy,* 630 S.W.2d 155, 157 (Mo.App.1982). On appeal, we review the decision of the agency, not the decision of the circuit court. *Ker,* 752 S.W.2d at 71. We will not set aside an administrative agency's decision unless its action is unsupported by competent and substantial evidence. *Ker,* 752 S.W.2d at 71; *Dunning,* 630 S.W.2d at 157.

Upon review of the entire record we find competent and substantial evidence to support the Board's decision to suspend Cooper's pharmacy license for one year, and subsequent five year term of probation. Section 338.055.2 RSMo 1986 provides that the Board may file a complaint against a pharmacist for (a) misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the duties of a licensed pharmacist; (b) violation of any professional trust or competence; or, (c) violation of the drug laws or rules and regulations of Missouri, any other state or the federal government. Section 338.055.-

2(5), (13) and (15) RSMo 1986. Upon a finding of any one statutory violation, the Board may place a pharmacist on probation or suspend or revoke his license. Section 338.055.3 RSMo 1986.

Here, Cooper admitted a violation of 18 U.S.C. § 1341 (1984). He admitted filing fraudulent claims under Medicaid. Cooper purchased drugs in large quantities, at a cheaper price per pill, but billed Medicaid as if he had purchased the drugs in small quantities, at a higher price per pill. This was a deliberate intent to defraud Medicaid. *See, Missouri Dental Board v. Bailey,* 731 S.W.2d 272, 274–75 (Mo.App. 1987). Cooper's submission of false Medicaid claims supports the Board's finding of a violation of professional trust or competence under § 338.055.2(13) RSMo 1986, and of Cooper's dishonesty and misrepresentation in the performance of his duties as a licensed pharmacist in violation of § 338.055.2(5) RSMo 1986.

If one of the grounds for an administrative agency's action is supported by competent evidence, the decision of the agency will be affirmed. *See, Rose v. State Board of Registration for Healing Arts,* 397 S.W.2d 570, 577 (Mo.1965); *Smith v. Normandy School District,* 734 S.W.2d 943, 948 (Mo.App.1987). Here, there is substantial and competent evidence to support the finding that Cooper fraudulently billed Medicaid, and that his actions constituted a violation of § 338.055.2(5) and (13) RSMo 1986. This is sufficient evidence to support the decision of the Board. We need not detail the sufficiency of evidence to support the other charges but observe there was evidence to support them. The decision to suspend Cooper's license to practice as a pharmacist for one year and to place him on probation for the following five years is supported by substantial and competent evidence.

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.